**IN THE SUPREME COURT OF TENNESSEE**
**AT JACKSON**

FILED

June 1, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR PUBLICATION

**Filed:**      June 1, 1999

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| PLAINTIFF/APPELLEE, | ) | SHELBY CRIMINAL |
| | ) | |
| v. | ) | Hon. Arthur T. Bennett, Judge |
| | ) | |
| GEORGE LANGFORD, | ) | No. 02S01-9806-CR-00061 |
| | ) | |
| DEFENDANT/APPELLANT. | ) | |

FOR DEFENDANT/APPELLANT:

W. MARK WARD
Assistant Shelby County
Public Defender
Memphis

A. C. WHARTON, JR.
Shelby County Public Defender
Memphis

FOR PLAINTIFF/APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL E. MOORE
Solicitor General

ELIZABETH T. RYAN
Assistant Attorney General
Nashville

# O P I N I O N

AFFIRMED                                                    HOLDER, J.

**OPINION**

We granted this appeal to decide whether: (1) the evidence was sufficient to convict the defendant of aggravated burglary and felony murder committed during the perpetration of an aggravated burglary; and (2) the trial court erred in failing to instruct the jury as to criminal trespass. We hold that the evidence was sufficient to convict the defendant and that the trial court did not err in failing to instruct the jury on criminal trespass. Accordingly, the judgment of the Court of Criminal Appeals affirming the defendant's convictions is affirmed.

**BACKGROUND**

In the early morning hours of April 10, 1995, the defendant George Langford, accompanied by his brother and two friends, went to the duplex of his girlfriend, Diana Wilson. The defendant had previously lived at the duplex with Ms. Wilson but had been in Mississippi for the last two or three weeks. When the defendant asked to enter the duplex to get his clothes and see his children, Ms. Wilson refused. Suspecting that Ms. Wilson had a male visitor, the defendant became angry, took his brother's gun, and fired a shot through the living room window, narrowly missing Ms. Wilson who was sitting on the couch.

At the defendant's urging, one of his friends kicked in the front door. Ms. Wilson grabbed her 10-month-old son and hid in her bedroom closet with 15-year-old Tamara Gayles, who was visiting. Everyone else in the duplex fled out a back window. The defendant went into the bedroom looking for Ms. Wilson and shot two or three times into the closet where she was hiding. A bullet struck Ms. Gayles in the temple and killed her. When Ms. Wilson told the defendant he had shot Ms. Gayles, he replied that he "didn't give a f---." The defendant

2

testified at trial that the gun discharged accidentally, both when he used it to break the living room window and when he pushed the closet doors out of the way.

A jury convicted the defendant of first degree felony murder committed in the perpetration of an aggravated burglary for which he received a sentence of life without the possibility of parole. He was also convicted of aggravated burglary, aggravated assault, and reckless endangerment for which he received sentences of four years, five years, and two years, respectively. These latter three sentences were ordered to run concurrently with each other and consecutively to the life sentence. The Court of Criminal Appeals upheld the convictions and sentences.

## ANALYSIS

### Sufficiency of the Evidence

The defendant claims that the evidence was insufficient to convict him of aggravated burglary and consequently of felony murder committed in the perpetration of an aggravated burglary because the State failed to show that the duplex was not the defendant's home or residence and that he had no "lawful possession." The defendant argues that because he and Ms. Wilson had been living together in the duplex, he was a co-possessor and therefore could not be guilty of burglarizing the premises.

When the sufficiency of the evidence is challenged, the standard for review is whether, after considering the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99

3

S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Duncan, 698 S.W.2d 63, 67 (Tenn. 1985).  The State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it.  State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).  A conviction that is approved by the trial court accredits the testimony that favors the State and resolves all conflicts in favor of the State's theory.  State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983).  Likewise, determinations of the weight and credibility of the testimony of witnesses and reconciliation of conflicts in that testimony are entrusted exclusively to the jury as the trier of fact.  State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978).

Aggravated burglary occurs when an individual enters a habitation "without the effective consent of the property owner" and, in this case, intends to commit a felony, aggravated assault.  Tenn. Code Ann. §§ 39-14-402, -403 (1991).  At the time of the offense, felony murder was defined as "a reckless killing of another committed in the perpetration of, or attempt to perpetrate any . . . burglary."  Tenn. Code Ann. § 39-13-202 (1991).

Prior to the 1989 revision of the criminal code, burglary was defined as the "breaking and entering of a dwelling house . . . used and occupied by any person . . . as a dwelling place or lodging either permanently or temporarily and whether as owner, renter, tenant, lessee, or paying guest, by night, with intent to commit a felony."  Tenn. Code Ann. § 39-3-401 (repealed) (emphasis added).  Pre-1989 opinions stressed that burglary was an offense against the occupancy and possession and *not* against legal title.  See e.g. Hindman v. State, 384 S.W.2d 18 (Tenn. 1964); Hobby v. State, 480 S.W.2d 554 (Tenn. Crim. App. 1972).  The definition of burglary changed when the criminal code was rewritten.  Now the

4

plain language of aggravated burglary requires proof that an individual enters a habitation "without the effective consent of the property owner" and intends to commit a felony, or attempts or commits a felony. Tenn. Code Ann. §§ 39-14-402, -403. "Habitation" is a structure that is adapted or designed for overnight accommodation. Tenn. Code Ann. § 39-14-401(1). There is no longer a requirement that the structure be occupied. The focus is on whether the property owner consented to the entry and the defendant's purpose for entering. The code defines property "owner" as the "person in lawful possession of property, whether the possession is actual or constructive." Tenn. Code Ann. § 39-14-401(3).

The evidence in this case clearly establishes that Ms. Wilson was the "person in lawful possession" of the property. Ms. Wilson rented the duplex, and her name was the only name on the lease. The defendant, on the other hand, had no possessory interest in the duplex and no right to be inside the duplex absent Ms. Wilson's consent. Although she had previously permitted the defendant to stay with her, she still retained the right to prevent the defendant from entering her abode. Immediately prior to the offense, Ms. Wilson refused him entry. Accordingly, we hold that only Ms. Wilson was in "lawful possession" of the property.

We hold that the evidence was sufficient for a rational trier of fact to find that the defendant entered the duplex without the effective consent of the owner, Ms. Wilson, and that the defendant possessed the intent to commit the felony of aggravated assault. We further hold that the evidence was sufficient for a rational trier of fact to find that the defendant committed a reckless killing of Tamara Gayles while committing the aggravated burglary.

5

**Jury Instruction on Criminal Trespass**

The defendant next complains that the court erred by refusing to instruct the jury on the charge of criminal trespass, which he alleges is a lesser offense of aggravated burglary. The defendant argues that the evidence presented at trial would have supported a conviction for criminal trespass. We disagree.

While it is generally error for a trial court not to instruct the jury on all lesser included offenses, see Tenn. Code Ann. § 40-18-110(a), this Court has interpreted this statutory provision to mean that a trial court must instruct the jury on all lesser included offenses if the evidence introduced at trial is legally sufficient to support a conviction for the lesser offense. State v. Bolden, 979 S.W.2d 587, 593 (Tenn. 1998). Failure to instruct is not error where the record clearly shows that the defendant was guilty of the greater offense and the record is devoid of any evidence permitting an inference of guilt of the lesser offense. State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994) (record devoid of evidence to support an inference that the defendant was guilty of lesser offenses of voluntary manslaughter and criminally negligent homicide); State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990); State v. King, 718 S.W.2d 241, 245 (Tenn. 1986) (record devoid of any evidence permitting an inference of guilt of any charge lesser than the felony murder with which he was charged). See also State v. Vann, 976 S.W.2d 93, 101 (Tenn. 1998) (record devoid of evidence supporting a charge on the offenses of second degree murder and facilitation).

Criminal trespass is committed when a person enters or remains on the property without the owner's effective consent. Tenn. Code Ann. § 39-14-405. One commits aggravated burglary by entering a habitation without the owner's effective consent and with the intent to commit a felony, in this case, aggravated

6

assault.[1] Tenn. Code Ann. §§ 39-14-402, -403 (1991). The key distinction between the offense of aggravated burglary and criminal trespass is that aggravated burglary requires a showing of intent to commit a felony.

The evidence clearly establishes that the defendant not only intended to commit a felony on the premises, he did commit a felony. By his own testimony, the defendant was upset and jealous. He repeatedly asked whether Ms. Wilson had another man inside the house. The defendant shot at Ms. Wilson through the living room window. The evidence is uncontroverted that Ms. Wilson feared imminent injury when she fled with her child and Ms. Gayles to a bedroom closet after the defendant shot through the window and forcibly gained access to the interior of her house. The defendant admitted to displaying a weapon. The defendant shot Ms. Gayles as she hid inside the closet. Thus, the defendant not only intended to, he did commit a felony inside the house after he was denied entrance by the owner, Ms. Wilson. Accordingly, the evidence supported the greater offense, and the record was devoid of evidence supporting the lesser charge of criminal trespass. The trial court was correct in not instructing the jury as to criminal trespass. This issue is without merit.

## CONCLUSION

We hold that the evidence was sufficient to support the charges of aggravated burglary and felony murder committed in the perpetration of aggravated burglary and the trial court did not err in failing to instruct the jury as to criminal trespass. Accordingly, we affirm the decision of the Court of Criminal

---

[1]Aggravated assault occurs when the defendant using a weapon intentionally or knowingly causes another to reasonably fear imminent bodily injury. Tenn. Code Ann. §§ 39-13-101, -102.

Appeals.  It appearing that the defendant is indigent, costs of this appeal shall be taxed to the State.

_____
JANICE M. HOLDER, JUSTICE


**Concurring:**

Anderson, C.J.
Drowota, Birch, and Barker, J.J.