IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
October 3, 2000 Session

## STATE OF TENNESSEE v. MICHAEL P. HEALY

**Direct Appeal from the Criminal Court for Shelby County**
**No. 98-13878; 98-13879     Joseph Dailey, Judge**

---

**No. W1999-01510-CCA-R3-CD - Filed June 26, 2001**

---

On November 24, 1998, the Shelby County Grand Jury indicted the Defendant for one count of aggravated robbery and one count of aggravated assault. Following a subsequent jury trial, the Defendant was convicted on both counts. On September 30, 1998, after a sentencing hearing, the trial court sentenced the Defendant as a career offender to serve thirty years incarceration for the aggravated robbery consecutively to fifteen years for the aggravated assault. The court also ordered both sentences served consecutively to a sentence for which the Defendant was on parole. On appeal, the Defendant claims that the trial court should have instructed the jury to consider robbery and theft as lesser-included offenses of aggravated robbery and that the trial court should have instructed the jury to consider reckless endangerment, reckless aggravated assault and simple assault as lesser-included offenses of aggravated assault. After a review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID G. HAYES, J., and ALAN E. GLENN, J., joined.

W. Mark Ward, Assistant Public Defender, Memphis, Tennessee, for appellant, Michael P. Healy.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, Nashville, Tennessee; William L. Gibbons, District Attorney General; Dan Byer, Assistant District Attorney; Memphis, Tennessee, for appellee, State of Tennessee.

### OPINION

### Factual Background

On July 2, 1998, Sherrie and Benny Colville were working in a store they owned in Shelby County when Mrs. Colville noticed the Defendant turning his car around in the parking lot of the store. Approximately twenty-five minutes later, Mr. Colville went into the back of the store when the Defendant entered the store wearing a platinum-blonde wig, sunglasses and something covering

his face. The Defendant sat down in a chair, pointed the gun at Mrs. Colville and demanded that she open the cash-register. She refused to open the register and screamed her husband's name. From behind a two-way mirror in the back of the store, Mr. Colville saw the Defendant attempting to rob his wife. He retrieved a pistol from his desk and began making his way toward the front of the store. Meanwhile, the Defendant grabbed Mrs. Colville's purse which was lying nearby, and turned to leave. As he did so, Mrs. Colville threw a book at the Defendant. The Defendant then noticed Mr. Colville crouching in the back of the store and pointed his gun at Mr. Colville. The Defendant then fled the store, and Mr. Colville followed him. However, the Defendant managed to elude Mr. Colville by running down an alley. The Defendant got into his car, the same one that Mrs. Colville had seen earlier. However, before he reached the car, the Defendant was taking off his disguise. He turned for a moment and Mr. Colville was able to see the Defendant's face.

Moszell Lagrone was driving his car in the alley behind the Colvilles' store when he saw the Defendant. Mr. Lagrone thought the Defendant was suspicious because he was wearing a platinum-blonde wig, carrying a purse and a gun and running very fast. Mr. Lagrone saw the Defendant in his car and noticed the license plate number. Mr. Lagrone went to his wife's place of employment where he called the police and gave them the license plate number.

After obtaining the license plate number, police determined that the license plate in question belonged to the Defendant. Although police saw the car immediately after the robbery and attempted to follow it, the Defendant managed to elude police, in part by driving in the wrong lane of traffic. Police apprehended the Defendant later at a store near his father's liquor store.

The day after the robbery, Mr. and Mrs. Colville went to the police station to give a statement. Police showed the Colvilles a photographic line-up that consisted of six pictures. Mr. and Mrs. Colville both independently identified the Defendant as the perpetrator of the crimes.

### Lesser Included Offenses

The Defendant's sole claim on appeal is that the trial court erroneously refused to instruct the jury to consider lesser-included offenses. Specifically, the Defendant claims that the trial court should have charged the jury to consider robbery and theft as lesser-included offenses of aggravated robbery and reckless aggravated assault, reckless endangerment and simple assault as lesser-included offenses of aggravated assault. We disagree.

The Tennessee Supreme Court has held that an offense is a lesser-included offense if:
(a) all of its statutory elements are included within the statutory elements of the offense charged; or

(b) it fails to meet the definition in part (a) only in the respect that it contains a statutory element or elements establishing

(1) a different mental state indicating a lesser kind of culpability; and/or

(2) a less serious harm or risk of harm to the same person, property or public interest; or

(c) it consists of

(1) facilitation of the offense charged or of an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(2) an attempt to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b); or

(3) solicitation to commit the offense charged or an offense that otherwise meets the definition of lesser-included offense in part (a) or (b).

State v. Burns, 6 S.W.3d 453, 466-67 (Tenn. 1999).

Aggravated assault, as charged in the indictment in this case, is defined as intentionally or knowingly causing another reasonably to fear imminent bodily injury while the defendant is using or displaying a deadly weapon. Tenn. Code Ann. §§ 39-13-101, -102. It is clear that reckless aggravated assault and simple assault are lesser-included offenses of aggravated assault, because the statute defining aggravated assault itself includes assault as an element, and reckless aggravated assault differs only in that a different mental state indicating a lesser kind of culpability, i.e. reckless instead of intentionally or knowing, is required. Tenn. Code Ann. §§ 39-13-101, 39-13-102(a)(1), (2)(B).

It is also clear that theft and robbery are lesser-included offenses of aggravated robbery. To prove aggravated robbery, the State must establish that the Defendant committed a robbery with a deadly weapon. Id. § 39-13-402(a)(1). Furthermore, "[r]obbery is the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Id. § 39-13-401. Finally, "[a] person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains or exercises control over the property without the owner's effective consent." Id. § 39-14-103. The statutes themselves indicate that the elements of theft are subsumed by the elements of robbery and the elements of robbery, in turn, are subsumed by the elements of aggravated robbery. Accordingly, by applying part (a) of the Burns test, theft and robbery are obviously lesser-included offenses of aggravated robbery.

This does not mean, however, that an instruction must be given simply because an offense is a lesser-included offense of another. In Burns, the supreme court adopted a two-step analysis for determining whether an instruction on a lesser-included offense must be given. First, the trial court must determine whether "any evidence exists that reasonable minds could accept as to the lesser-included offense." Burns, 6 S.W.3d at 469. In this regard, the trial court must view the evidence in a light most favorable to the existence of the lesser-included offense, without regard to the credibility of the evidence. Second, the trial court must determine whether the evidence viewed in this light is legally sufficient to support a conviction for the lesser-included offense. Id.

It is the first inquiry which is fatal to the Defendant's argument, because there was absolutely no evidence that the Defendant merely committed robbery or theft instead of aggravated robbery. All of the evidence at trial indicated that the Defendant used a pistol to rob Mrs. Colville of her purse, and no evidence indicated otherwise, i.e.. that he may not have had a gun. Similarly, all of the evidence at trial indicated that the Defendant acted intentionally when he pointed his gun at Mr. Colville thereby placing Mr. Colville in fear. Again, there was no evidence that the Defendant acted

recklessly or that he may not have had a gun; thus there is no evidence that the Defendant merely committed reckless aggravated assault or simple assault instead of aggravated assault. This Court has previously held that "the trial court is not obliged to give the lesser-included offense instruction where there is no evidence of the lesser offense other than the very same evidence which supports the greater offense, that is, 'that reasonable minds could accept as to the lesser-included offense.'" State v. Terry T. Lewis, No. M1999-00876-CCA-MR3-CD, 2000 WL 284181, *10 (Tenn. Crim. App. at Nashville, March 17, 2000)(citing Burns, 6 S.W.3d at 469). In other words, "[f]ailure to instruct is not error where the record clearly shows that the defendant was guilty of the greater offense and the record is devoid of any evidence permitting an inference of guilt of the lesser offense." State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999)(citing State v. Stephenson, 878 S.W.2d 530, 550 (Tenn. 1994)).

Finally, we are convinced that reckless endangerment is not a lesser-included offense of aggravated assault. A person commits reckless endangerment if that person recklessly engages in conduct which places or may place another person in imminent danger of death or serious bodily injury. Id. § 39-13-103(a)-(b). As one Judge of this Court has noted:

> [Aggravated assault] has a result-of-conduct aspect in that it focuses on the victim being placed in fear of imminent bodily injury. . . .
>
> On the other hand, felony reckless endangerment is defined as engaging in conduct committed with a deadly weapon which places or may place another person in imminent danger of death or serious bodily injury. It focuses – by its terms – upon the conduct that causes a risk of harm, not the harm itself. Those within the zone of danger need not even be aware that the threat exists. . . .
>
> Thus, one may commit the offense of aggravated assault by causing fear of bodily injury while using or displaying a weapon without committing the offense of felony reckless endangerment. Likewise, one may commit the offense of felony reckless endangerment without committing the offense of aggravated assault by causing fear. In other words, neither offense covers the range of conduct or result of the other. This means that neither offense is included in the other.

State v. Ralph Dewayne Moore, No. E1999-02743-CCA-R3-CD. 2000 WL 1612705, *4-*5 (Tenn. Crim. App. at Knoxville, Oct. 30, 2000)(Tipton, J. dissenting). Because we find that the elements of reckless endangerment are not included in the elements of aggravated assault and because the elements do not only differ with respect to the applicable mental state and/or harm, we hold that reckless endangerment is not a lesser-included offense of aggravated assault under Burns. Moreover, the evidence clearly shows that the defendant is guilty of aggravated assault and the record is devoid of any evidence from which an inference may be drawn that the defendant is guilty only of reckless endangerment. This issue is without merit.

Accordingly, the judgment of the trial court is AFFIRMED.

_____
JERRY L. SMITH, JUDGE