IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs March 12, 2002

## STATE OF TENNESSEE v. LUE J. HOLCOMB

**Direct Appeal from the Criminal Court for Shelby County**
**No. 99-11802     J. C. McLin, Judge**

---

**No. W2001-00743-CCA-R3-CD  - Filed March 25, 2002**

---

The appellant, Lue J. Holcomb, was convicted by a jury in the Shelby County Criminal Court of aggravated burglary. The trial court imposed a sentence of three and one-half years and ordered that six months of the sentence be served in confinement with the balance on probation. The appellant timely appealed, arguing that the evidence is not sufficient to support his conviction. After a review of the record and the parties' briefs, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

A. C. Wharton, Jr., Garland Ergüden, and Amy Mayne, Memphis, Tennessee, for the appellant, Lue J. Holcomb.

Paul G. Summers, Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; William L. Gibbons, District Attorney General; and David Zak, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

### I. Factual Background

On April 18, 1999, the victim, JoAnn Wilkins, was living on Wagon Wheel Drive in Shelby County. At approximately 7:30 a.m., she received a telephone call from the appellant, who advised her that he was coming to her house. Although the victim told the appellant not to come, he arrived at the house approximately thirty to forty minutes after the call. Upon hearing a knock, the victim went to the front door and saw the appellant standing outside. She told the appellant that he could not come in and asked him to leave. After being told that he could not come in, the appellant started to "kick the door in." The appellant was able to open an outer security door and then kick the wooden door open to gain access to the house.

Once inside, the appellant grabbed the victim's arms and began shaking her, telling her that he was going to kill her. The victim's twenty-seven-year-old son, Twan Boxley, who was living with his mother, was awakened when he heard loud noises at the door. He came out of the bedroom and saw his mother at the window. She told him to return to bed, and he complied. Approximately five to ten minutes later, he again heard several loud noises and, at the request of his mother, called the police.

Officers Aaron Merritt, Adam Merritt, and Melanie Howe of the Memphis Police Department responded to the call from the victim's home. Upon arrival, they found the front door open and the door frame damaged. Officer Adam Merritt described the victim as "visibly upset, and just kind of hysterical." The victim told the officers that her former boyfriend had broken into her house, threatened to kill her, and was still in the house. The police discovered the appellant in a rear bedroom.

The victim denied that the appellant was living in the home or that he had spent the night there. She conceded that she had previously been involved in a relationship with the appellant and further admitted that they had been on a date the night prior to the offense.

The appellant claimed that he had spent the night prior to the offense at the home of the victim. He and the victim had a date and had spent the evening at a club. While at the club, he was involved in an altercation with another woman. The victim was jealous, and they argued. The argument "carried on until the next morning." After they awoke, the appellant went outside because he did not want the victim to call the police. The appellant claimed that the victim then locked the door and that he was simply trying to get back inside to obtain a jacket and the remainder of his clothes. The appellant denied kicking the door, insisting that, when the victim opened the door to give him his jacket, he stuck his hand in the door and walked inside. He claimed that he did not grab, strike, or threaten the victim. According to the appellant, the door had been broken by the victim's son.

Following a jury trial, the appellant was convicted of aggravated burglary. He asserts that the evidence is insufficient to support his conviction.

## II. Analysis

On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences that might be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). The credibility of the witnesses, the weight to be given their testimony, and the reconciliation of conflicts in the proof are matters entrusted to the jury as the trier of fact. State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); Byrge v. State, 575 S.W.2d 292, 295 (Tenn. Crim. App. 1978). The appellate courts should not substitute their judgment for that of the jury on such factual issues. See State v. Morris, 24 S.W.3d 788, 795 (Tenn. 2000), cert. denied, 531 U.S. 1082, 121 S. Ct. 786 (2001); Liakas v. State, 286 S.W.2d 856, 859 (Tenn. 1956). When the sufficiency of the evidence is challenged, the relevant question is whether, after reviewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt. Tenn. R. App. P. 13(e); State v. Smith, 24 S.W.3d 274, 278 (Tenn. 2000); State v. Williams, 657 S.W.2d 405, 410 (Tenn. 1983). Because a verdict of guilt removes the presumption of innocence and raises a presumption of guilt, the convicted criminal defendant bears the burden of showing that the evidence is legally insufficient to sustain a guilty verdict. State v. Buggs, 995 S.W.2d 102, 105-106 (Tenn. 1999); State v. Evans, 838 S.W.2d 185, 191 (Tenn. 1992).

Aggravated burglary is "burglary of a habitation as defined in §§ 39-14-401 and 39-14-402." Tenn. Code Ann. § 39-14-403(a) (1997). Tenn. Code Ann. § 39-14-401(1)(A) (1997) defines "habitation" as "any structure, including buildings, module units, mobile homes, trailers, and tents, which is designed or adapted for the overnight accommodation of persons." Burglary is defined as follows:

> (a) A person commits burglary who, without the effective consent of
> the property owner:
> . . . .
> (3) Enters a building and commits or attempts to commit a felony,
> theft or assault;
> . . . .
> (b) As used in this section, "enter" means:
> (1) Intrusion of any part of the body. . . .

Tenn. Code Ann. § 39-14-402 (1997). Additionally, Tenn. Code Ann. § 39-13-101(a) (1997) states that a person commits assault who:

> (1) Intentionally, knowingly or recklessly causes bodily injury to
> another;
> (2) Intentionally or knowingly causes another to reasonably fear
> imminent bodily injury; or
> (3) Intentionally or knowingly causes physical contact with another
> and a reasonable person would regard the contact as extremely
> offensive or provocative.

Therefore, the State was required to prove that the appellant entered the victim's residence, without her consent, and committed or attempted to commit an assault.

The evidence, in the light most favorable to the State, shows that the appellant came to the home of the victim and demanded entry. When the victim refused to allow him to come inside her home, the appellant kicked the door in and grabbed the appellant by the arms, threatening to kill her. The jury, as was their prerogative, chose to accredit the testimony of the State's witnesses. We conclude that the evidence is sufficient to find the appellant guilty of aggravated burglary. Cf. State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999). This issue is without merit.

### III. Conclusion
Accordingly, we affirm the judgment of the trial court.

_____
NORMA McGEE OGLE, JUDGE