IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 2, 2003

## GABRIEL ANTONIO CLARK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C-03-22     Roy B. Morgan, Judge**

_____

**No. W2003-01017-CCA-R3-PC  - Filed March 24, 2004**

_____

Gabriel Antonio Clark appeals from the Madison County Circuit Court's denial of his petition for post-conviction relief.  Because we agree with the lower court that the petitioner failed to prove his allegations by clear and convincing evidence, we affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is Affirmed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Benjamin C. Mayo, Jackson, Tennessee, for the Appellant, Gabriel Antonio Clark.

Paul G. Summers, Attorney General & Reporter; Braden H, Boucek, Assistant Attorney General; James G. Woodall, District Attorney General; and Al Earls, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The petitioner is presently serving a consecutive sentence of life plus 12 years for convictions of felony murder and aggravated robbery.  *See State v. Gabriel Antonio Clark*, No. W2000-02595-CCA-R3-CD (Tenn. Crim. App., Jackson, Sept. 7, 2001), *perm. app. denied* (Tenn. 2002).  He filed a *pro se* post-conviction petition in which he alleged that he had not received the effective assistance of counsel in the conviction proceedings and that he had not received due process because the jury was not instructed with certain lesser included offenses.  The petitioner thereafter obtained the assistance of counsel, through whom he filed an amended petition which detailed the petitioner's constitutional complaints with regard to the uncharged lesser included offenses.

The lower court conducted a hearing, at the beginning of which the state sought dismissal of the petition because the petitioner had not set forth an allegation that the issues presented were not waived despite not having been raised in earlier proceedings.  The petitioner's

counsel answered the state's challenge by characterizing the lesser included offense issue as one falling under the umbrella of ineffective assistance of counsel. The lower court denied the state's motion, and the matter proceeded to hearing. At the close of the hearing, the lower court denied relief. The lower court's order denying relief addressed the jury instruction issue both as one of ineffective assistance of counsel and as one of free-standing constitutional error. The court found that the petitioner failed to carry his burden of proof with respect to the ineffectiveness claim and that any error in the jury instructions given was harmless. The petitioner then filed the present appeal.

In his appellate brief, the petitioner does not pursue an ineffective assistance of counsel claim. Rather, he raises free-standing constitutional claims with respect to the failure of the trial court to instruct the jury on certain lesser included offenses. However, in his reply brief to this court, he again raises the ineffectiveness issue. We will consider the jury instructions claim as both a free-standing constitutional issue and as an allegation of ineffective assistance of counsel.

We consider first whether the state correctly posits that the defendant has waived the issue as one of free-standing constitutional error because the issue was not presented in the petitioner's direct appeal of his conviction. Subject to certain exceptions not pertinent in this case, the Post-Conviction Procedure Act bars consideration of any claim that could have been, but was not, presented in an earlier proceeding. *See* Tenn. Code Ann. § 40-30-106(g) (2003). The petitioner did not raise a jury instruction challenge on direct appeal. Thus, we conclude that the issue is waived as one of free-standing constitutional error. *See State v. Townes*, 56 S.W.3d 30, 38 (Tenn. Crim. App. 2000) (failure to give lesser included offense instruction issue waived in post-conviction proceeding because not raised in earlier direct appeal), *overruled on other grounds by State v. Terry*, 118 S.W.3d 355, 358 (Tenn. 2003).

We then move on to the state's argument that the issue, whether one of free-standing constitutional error or ineffective assistance of counsel, is waived because the trial transcript containing the jury instructions is not in the appellate record. On that point, we disagree with the position taken by the state. Although the jury instructions are not in the appellate record of this proceeding, we are empowered in this situation to take judicial notice of the appellate record from the petitioner's prior direct appeal. *See, e.g., Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987).

Thus, we will consider the issue on its merits, having noticed the record of the prior direct appeal.

When a petitioner challenges the effective assistance of counsel, he has the burden of establishing (1) deficient representation and (2) prejudice resulting from that deficiency. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 2064 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). Deficient representation occurs when counsel provides assistance that falls below the range of competence demanded of attorneys in criminal cases. *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim. App. 1991). Prejudice is the reasonable likelihood that, but for deficient representation, the outcome of the proceedings would have been different. *Overton v.*

*State*, 874 S.W.2d 6, 11 (Tenn. 1994). Failure of proof of either prong is fatal to an ineffective assistance of counsel claim. *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2069; *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996). On review, there is a strong presumption of satisfactory representation. *Barr v. State*, 910 S.W.2d 462, 464 (Tenn. Crim. App. 1995).

We see no basis for disturbing the lower court's ruling that the petitioner failed to carry his burden of proof on the ineffectiveness claim. At trial, the questions of the defendant's guilt of first degree felony murder and aggravated robbery were submitted to the jury. For the first degree murder count, the trial court instructed the jury on the lesser included offenses of facilitation of first degree murder, second degree murder, and facilitation of second degree murder. For the aggravated robbery count, the trial court instructed the jury on the lesser included offense of facilitation of aggravated robbery. The petitioner claims that the court should have included instructions on the lesser included homicide offenses of reckless homicide and criminally negligent homicide and the lesser included robbery offenses of simple robbery and theft. He further posits that counsel's failure to object to the incomplete instructions given at trial and failure to raise the issue on appeal amounted to ineffective assistance of counsel.

With respect to the homicide count, any error of the trial court in not giving instructions on reckless homicide and criminally negligent homicide must be characterized as harmless. *See generally State v. Williams*, 977 S.W.2d 101, 106 (Tenn. 1998). The jury was instructed on lesser included offenses which fall in the hierarchy between the charged offense of felony murder and the offenses the petitioner claims should have been charged, and it returned a verdict of the charged offense. The jury having rejected the intervening charged offenses in favor of the greatest offense charged, it is not logical that the jury would have found the defendant guilty of the still-lesser offenses that were not charged. *See generally id.* Thus, any error must be categorized as harmless beyond reasonable doubt. *See State v. Allen*, 69 S.W.3d 181, 191 (Tenn. 2002); *State v. Ely*, 48 S.W.3d 710, 727 (Tenn. 2001); *Williams*, 977 S.W.2d at 106. It follows, then, that any deficient performance on trial counsel's part in failing to request lesser included offense instructions cannot be labeled prejudicial in the sense required to establish ineffective assistance of counsel.

The remaining issue concerns the lesser included offense instructions for the aggravated robbery charge. On this charge, no offenses fell between the principal offense and the offenses the petitioner claims should have been charged. We conclude, however, that any error was harmless beyond a reasonable doubt, and that the petitioner failed to establish prejudice as an element of his ineffective assistance of counsel claim.

The law confers a duty on the trial judge to instruct the jury as to the law of a lesser included offense if he or she determines that: (1) reasonable minds could accept the offense as lesser included; and (2) the evidence is legally sufficient to support a conviction for the lesser included offense. *State v. Burns*, 6 S.W.3d 453, 469 (Tenn. 1999); *see also State v. Langford*, 994 S.W.2d 126, 128 (Tenn. 1999). Both of those prerequisites are met in this case. *See generally State v.*

*Gabriel Antonio Clark*, slip op. at 1-5 (petitioner's direct appeal). Thus, failure to give the instruction was error. *See generally Burns*, 6 S.W.3d at 469.

That said, however, we are not prepared to find such error would have been reversible. Although the jury *could* have found the petitioner guilty of one of the lesser included offenses, no reasonable jury *would* have done so given the facts of this case. *See State v. Locke*, 90 S.W.3d 663, 675 (Tenn. 2002). The defendant claimed he was an unfortunate victim of circumstance in that he got into a car unaware that the other occupants planned to commit a robbery. *See Gabriel Antonio Clark*, slip op. at 2. Factually, there was no question whether a deadly weapon was used and whether the victim suffered serious bodily injury, those facts constituting the elements of aggravated robbery which elevate the offense from that of simple robbery. *See* Tenn. Code Ann. § 39-13-402 (2003); *Gabriel Antonio Clark*, slip op. at 3 (evidence established that victim died from multiple gunshot wounds). Thus, the trial court's lack of instruction on the lesser included offenses of robbery and theft, even if error, was harmless beyond a reasonable doubt. *See Locke*, 90 S.W.3d at 675. In the absence of harmful error, we are unpersuaded that trial counsel's performance may be deemed ineffective.

For these reasons, we affirm the judgment of the lower court denying post conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE