# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs June 5, 2007

## STATE OF TENNESSEE v. MARTY MICHELLE CLARK

**Direct Appeal from the Circuit Court for Madison County**
**No. 04-738     Roy B. Morgan, Jr., Judge**

---

**No. W2006-01343-CCA-R3-CD  - Filed August 27, 2007**

---

The defendant, Marty Michelle Clark, was convicted of attempted aggravated burglary, a Class D felony, and was sentenced by the trial court as a Range II offender to six years in confinement. The defendant appeals his conviction, arguing that the trial court lacked sufficient evidence to sustain his conviction. Upon review of the full record and the applicable law, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J.C. MCLIN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

J. Colin Morris, Jackson, Tennessee for the appellant, Marty Michelle Clark.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Jerry Woodall, District Attorney General; and Jody S. Pickens, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS AND PROCEDURAL HISTORY

The following evidence was presented at trial. Kemp Reed and Mickey Granger owned a residence located at 548 East Main Street in Jackson, Tennessee. In May 2003, a tornado destroyed another property owned by Mr. Reed and Mr. Granger across the street at 549 East Main. As a result, Mr. Reed and Mr. Granger moved into the residence at 548 East Main and lived there for six months. Thereafter, the two men moved back across the street but continued to store furniture and other belongings in the residence at 548 East Main.

In March of 2004, an intrusion alarm was installed at the residence at 548 East Main Street due to a number of burglaries. Two sensors were installed at the residence, one in the front of the

residence and the other at the rear. Unlike conventional alarm systems, the intrusion alarm, once activated, sent a prerecorded message to police. On June 30, 2004, a few minutes before midnight, both sensors were activated, and a recorded message was immediately sent over the police radio.

Officer Shane Richards, chief pilot of the Jackson Police Department's (JPD) aviation unit, arrived at 548 East Main Street approximately fifteen seconds after receiving radio notification of the triggered alarm. The helicopter piloted by Officer Richards was equipped with both a thirty million candle-power spotlight capable of illuminating an entire city block, and a Forward Looking Infrared (FLIR) thermal imagery camera capable of viewing people and objects clearly in low light or dark conditions.

Officer Richards observed two people running out of the rear of the residence and turned the spotlight on the two fleeing suspects. At the same time, Officer Susan Hemby, one of two ground patrol officers, arrived at the residence in response to the alarm. The two suspects split up. Officer Richards followed one suspect from the air, using the spotlight and FLIR camera. After the two men split up, Officer Hemby chased one of the suspects for two to three blocks and finally apprehended him when he sought refuge under the rear corner of a nearby barber shop. The suspect was later identified as the defendant.

At the crime scene, Officer Larry Bushart, a crime scene technician with the JPD, surveyed the residence and observed that a window was open in the front of the residence and a door was open at the rear of the house. Officer Bushart dusted the windows and rear door for fingerprints but found none. He also recovered a soldering gun from the front porch, but was unable to obtain any fingerprints.

Neither owner, Mr. Reed or Mr. Granger, knew the defendant or had granted him permission to enter the residence at 548 East Main Street. When the owners arrived at the residence and surveyed the area, they observed candlesticks and china in a large polyethylene container with rope handles near the back door. In addition, another trunk with memorabilia was found open at the back door of the residence.

Based upon the evidence presented, the jury convicted the defendant of attempted aggravated burglary. Thereafter, he received a total effective sentence of six years in the Tennessee Department of Correction.

**ANALYSIS**

On appeal, the defendant challenges the sufficiency of the convicting evidence. Specifically, the defendant asserts that the evidence presented at trial was insufficient to demonstrate that he entered or attempted to enter the residence, that he was ever positively identified, or that there was any physical evidence, such as fingerprints, connecting him directly to the crime.

Upon review, we reiterate the well-established rule that once a jury finds a defendant guilty, his or her presumption of innocence is removed and replaced with a presumption of guilt. *State v. Evans*, 838 S.W.2d 185, 191 (Tenn. 1992). Therefore, on appeal, the convicted defendant has the burden of demonstrating to this court why the evidence will not support the jury's verdict. *State v. Carruthers*, 35 S.W.3d 516, 557-58 (Tenn. 2000); *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). To meet this burden, the defendant must establish that no "rational trier of fact" could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *State v. Evans*, 108 S.W.3d 231, 236 (Tenn. 2003); *see* Tenn. R. App. P. 13(e). In contrast, the jury's verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from that evidence. *Carruthers*, 35 S.W.3d at 558. Questions concerning the credibility of the witnesses, conflicts in trial testimony, the weight and value to be given the evidence, and all factual issues raised by the evidence are resolved by the trier of fact and not this court. *State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). We do not attempt to re-weigh or re-evaluate the evidence. *State v. Rice*, 184 S.W.3d 646, 662 (Tenn. 2006). Likewise, we do not replace the jury's inferences drawn from the circumstantial evidence with our own inferences. *State v. Reid*, 91 S.W.3d 247, 277 (Tenn. 2002).

The guilt of the defendant as well as any fact required to be proved may be established by direct evidence, by circumstantial evidence, or by a combination thereof. *See State v. Pendergrass*, 13 S.W.3d 389, 392-93 (Tenn. Crim. App. 1999). In fact, a criminal offense may be established exclusively by circumstantial evidence so long as the evidence excludes all other reasonable theories except that of the defendant's guilt. *See State v. Crawford*, 470 S.W.2d 610, 612 (Tenn. 1971). In other words, "[a] web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." *Id.* at 613.

Of particular relevance to this case, we note that a person commits burglary who, without the effective consent of the property owner, enters a building and commits or attempts to commit a theft. *See* Tenn. Code Ann. § 39-14-402. Furthermore, in *State v. Langford*, 994 S.W.2d 126, 128 (Tenn. 1999), the Tennessee Supreme Court held that there is no longer a requirement that a structure or residence be occupied at the time of the commission of a crime in order to meet the statutory definition of burglary. Rather, "[t]he focus is on whether the property owner consented to the entry and the defendant's purpose for the entering." *Id.*

While the defendant argues that there was no direct proof that he committed attempted aggravated burglary, we note that based on the foregoing authority, the jury may decide a defendant's guilt based solely on circumstantial evidence, direct evidence, or a combination of the two. The defendant is therefore not entitled to relief on this issue.

The evidence, when viewed in the light most favorable to the state, established that both sensors at the residence were activated, one in the front and one in the back, and officers arrived at

the residence approximately fifteen seconds after receiving radio notification. Officer Richards spotlighted the two suspects fleeing from the rear door of the residence. Officer Hemby also saw the two suspects fleeing the back door of the residence and followed in pursuit. Eventually, Officer Hemby apprehended the defendant. The back door to the residence was found open, the defendant did not have permission to enter the residence, and some of the owners' belongings inside the residence were found open and rummaged through. Accordingly, we conclude that the evidence established at trial was sufficient to support the defendant's conviction of attempted aggravated burglary. The defendant is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing reasoning and authorities, we affirm the judgment of the trial court.

_____

J.C. McLIN, JUDGE

4