IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs November 15, 2005

## STATE OF TENNESSEE v. JAMES McKINNON

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27001      W. Fred Axley, Judge**

---

**No. W2004-02714-CCA-R3-PC - Filed December 27, 2005**

---

The petitioner, James McKinnon, pled guilty to aggravated burglary and especially aggravated robbery. As a result, he was sentenced to an effective sentence of seventeen years in the Tennessee Department of Correction to be served at 100%. The petitioner subsequently filed a petition for post-conviction relief. The post-conviction court denied the petition. Following our review of the record and the parties' briefs, we affirm the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J.C. McLin, J., delivered the opinion of the court, in which James Curwood Witt, Jr. and Norma McGee Ogle, JJ., joined.

Britton J. Allan, Memphis, Tennessee, for the appellant, James McKinnon.

Paul G. Summers, Attorney General and Reporter; Brian C. Johnson, Assistant Attorney General; William L. Gibbons, District Attorney General; and Dean DeCandia, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**BACKGROUND**

On April 30, 2002, the petitioner pled guilty to aggravated burglary and especially aggravated robbery. He received concurrent sentences of six years, served at 30%, and seventeen years, served at 100%. From the record, we glean that the petitioner, along with two co-defendants and another unapprehended individual, decided to break into the victim's house in August 2001. Apparently, the petitioner was indebted to one of the co-defendants for marijuana, and the petitioner did not have the money to repay the co-defendant. The petitioner's girlfriend, another co-defendant, suggested that the group break into the victim's house because the victim had "snitched on" the petitioner's brother for committing a burglary. The group then walked to the victim's house to see if the victim had "any money." They knocked on the door, and when the victim answered, they rushed into the

house. Various members of the group kicked and screamed at the victim, cut him with a steak knife, burned him with a cigarette, broke a beer bottle over his head, and took some of his belongings.

In January 2003, the petitioner filed a *pro se* petition for post-conviction relief. Counsel was appointed to represent the petitioner, and an amended petition was filed in May 2003. The petitions, read as one, alleged that the petitioner was denied the effective assistance of counsel, and his guilty plea was involuntary and coerced. The post-conviction court held an evidentiary hearing in June 2004. At the hearing, the post-conviction court heard testimony from the petitioner and his trial counsel.

The petitioner testified that he was frightened and "felt like [he] was forced" into pleading guilty and taking the seventeen-year sentence. He testified that when he entered his guilty plea, his counsel told him that he had to tell the State "what they wanted to hear in order just to take the 17-year plea bargain[.]" The petitioner also testified that he was never informed by counsel or the trial court of the possibility that he could be convicted of a lesser-included offense. The petitioner alleged that it was his understanding that he either had to plead guilty, or he would be convicted of especially aggravated robbery. According to the petitioner, he would have gone to trial had he known there was a possibility he could have been convicted of a lesser charge. Additionally, the petitioner testified that prior to his arrest he had been drinking, and he had no rest when he gave his statement to the police. He further testified that counsel never filed a motion to suppress his statement. The petitioner also complained that his counsel never attempted to locate the third person who participated in the burglary along with himself and the two co-defendants.

On cross-examination, the State pointed to the guilty plea transcript where the trial court said to the defendant "if you're convicted," not "you were going to be convicted if you go to trial[.]" The State also cross-examined the petitioner regarding his testimony at the guilty plea hearing that he understood the charges against him and knew the State had to prove the elements of the crimes if he went to trial. The petitioner acknowledged that he was under oath when he entered the guilty plea, and that he stated he was entering the plea freely and voluntarily. The State further pointed out that the petitioner testified that he had no complaint with his counsel, that he was happy with his representation, and that if he filed a petition for post-conviction relief saying his counsel did not do something it would be a lie. The petitioner also acknowledged a copy of his statement, which he had signed, indicating he understood his rights and verifying that the statement was true, correct, and uncoerced.

The petitioner's trial counsel also testified at the post-conviction hearing. Counsel testified that the petitioner understood the amount of time he would have to serve under the plea bargain and "indicated almost immediately that he wanted to enter a guilty plea." Counsel stated that he explained parole eligibility to the petitioner, but that the petitioner was very remorseful and wanted to accept responsibility by pleading quickly. According to counsel, he explained to the petitioner the possibility of his being convicted of a lesser-included offense or even acquitted if he went to trial. Counsel elaborated, however, that "based on the facts, given his confession, [and] the victim's identification of [the petitioner], [he] did not think that [an acquittal] was going to happen."

Counsel also testified that he explained to the petitioner his plea must be made freely and voluntarily. Counsel testified that he had appeared before the presiding trial judge "innumerable" times and felt that the judge would have begun sentencing at twenty years and would have ordered consecutive sentences if the petitioner was convicted of both aggravated burglary and especially aggravated robbery. Regarding the conversation he had with the petitioner during a break in the guilty plea proceedings, counsel testified he told the petitioner "to tell the truth, that he would not be helping anyone, especially himself, if he lied during his guilty plea." In response to the petitioner's contention that counsel never filed a motion to suppress his statement to the police, counsel stated that nothing indicated the petitioner was under the influence of narcotics when he gave the statement, and the petitioner never wanted to set the case for trial.

On cross-examination, counsel admitted that the petitioner was not "system savvy" when counsel undertook his representation. Counsel also admitted that the statement the petitioner gave to the police was a very important piece of evidence against the petitioner, and that he did not file a motion to suppress. Once again, counsel elaborated that he did not file a motion to suppress because the petitioner told him over and over to settle the case. Counsel testified that although all the parties were probably equally culpable for the crimes, the levels of proof were higher against the petitioner. Counsel acknowledged that the co-defendants, who opted to go to trial, received lesser convictions, but he opined it was because the petitioner "did not prove to be a very good witness for the State" at the co-defendants' trials. Counsel ultimately concluded that in hindsight he would still advise the petitioner to plead guilty based on the level of proof against him.

The post-conviction court denied post-conviction relief, finding that the petitioner failed to prove his allegations by clear and convincing evidence. This appeal followed.

## ANALYSIS

On appeal, the petitioner argues that the post-conviction court erred in denying his petition for post-conviction relief. Specifically, the petitioner contends that he did not knowingly, voluntarily and intelligently enter his plea of guilty to especially aggravated robbery.[1] In support of this contention, the petitioner asserts that the trial court and his counsel failed to inform him of the possibility he could be convicted of a lesser-included offense after a trial, and his plea was coerced. Also, implicit in the petitioner's argument is the allegation that he received the ineffective assistance of counsel.

The law is settled that a post-conviction petitioner must prove all of his factual allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f). The post-conviction court's findings of fact at post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). Likewise, the

---

[1] Although the petitioner also pled guilty to aggravated burglary, his arguments on appeal address only the especially aggravated robbery plea.

post-conviction court resolves all questions pertaining to the credibility of witnesses, and the weight and value to be attributed to their testimony. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). This Court may not re-weigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. State v. Honeycutt, 54 S.W.3d 762, 766-67 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a de novo standard with no presumption of correctness. Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001).

## A. Voluntariness of Guilty Plea

When analyzing a guilty plea, we look to the federal standard announced in Boykin v. Alabama, 395 U.S. 238 (1969), and the state standard set out in State v. Mackey, 553 S.W.2d 337 (Tenn. 1977) superseded on other grounds by Tenn. R. Crim. P. 37(b) and Tenn. R. App. P. 3(b). State v. Pettus, 986 S.W.2d 540, 542 (Tenn. 1999). In Boykin, the United States Supreme Court held that there must be an affirmative showing by the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. Boykin, 395 U.S. at 242. Similarly, our Tennessee Supreme Court in Mackey required an affirmative showing of a voluntary and knowing guilty plea; namely, that the defendant has been made aware of the significant consequences of such a plea. Mackey, 553 S.W.2d at 340. See Pettus, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements or threats. Blankenship v. State, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. Pettus, 986 S.W.2d at 542; Blankenship, 858 S.W.2d at 904. A petitioner's testimony at a plea hearing that his or her plea is voluntary is a "formidable barrier in any subsequent collateral proceedings" because "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

## 1. Trial Court's Failure to Inform

The petitioner first argues that his guilty plea was involuntary because the trial court failed to inform him of the possibility he could be convicted of lesser-included offenses presented at a trial. In support of this argument, the petitioner relies on Beck v. Alabama, 447 U.S. 625, 633-34 (1980); State v. Burns, 6 S.W.3d 453, 464 (Tenn. 1999); State v. Langford, 994 S.W.2d 126, 128 (Tenn. 1999); and State v. Bolden, 979 S.W.2d 587, 593 (Tenn. 1998). The petitioner's reliance on these cases, however, is misplaced. These cases, read together, stand for the proposition that the trial court must charge the jury on any lesser-included offenses if the evidence at trial is legally sufficient to support a conviction for the lesser-included offense. Thus, this mandatory requirement applies only in cases where there has been a jury trial. On the other hand, the requirements applicable to guilty pleas are found in Tennessee Rule of Criminal Procedure 11. Rule 11 details the various rights the trial court must advise the defendant of before accepting a plea. Tenn. R. Crim. P. 11. Notably, Rule 11 does not require a trial court to advise a defendant of the possibility that he or she could be convicted of a lesser-included offense if a trial were held. Such a requirement would force the trial court to guess whether the evidence against the defendant would warrant a lesser-included charge

-4-

without having heard the evidence. However, the trial court is required to inform the defendant of, *inter alia*: (1) the nature of the charge and possible penalties; (2) the right to an attorney; (3) the right to a jury trial, including cross-examination of witnesses. Id. The trial court must also inquire into the voluntariness of the plea. Id. In this case, our review of the record reveals that the trial court followed these procedures before accepting the petitioner's guilty plea. Here, the record reflects that the petitioner stated: he understood his rights, he understood the possible penalties for the offenses, and he was entering his plea freely and voluntarily. We note that the requirements in Rule 11 are based on our supreme court's exercise of its supervisory power and the non-compliance with Rule 11 in itself is not a ground for post-conviction relief. See Mackey, 553 S.W.2d at 340-41. Only the constitutionally-grounded rights stated in Boykin are addressable, per se, under the Post-Conviction Procedure Act. See State v. Prince, 781 S.W.2d 846, 853 (Tenn. 1989). However, our review of the record reveals that the trial court complied with the Boykin requirements and went beyond those requirements by complying with Rule 11.[2] Therefore, the trial court's alleged failure to inform the petitioner that he could be convicted of a lesser-included offense after a trial was not erroneous per Rule 11 or any constitutional provision. Accordingly, the petitioner is not entitled to relief on this issue.

## 2. Counsel's Failure to Inform

The petitioner's second argument is that his guilty plea was involuntary because of counsel's failure to inform him of the possibility he could be convicted of a lesser-included offense after a trial. The post-conviction court held an evidentiary hearing during which the State questioned counsel whether he discussed lesser-included offenses with the petitioner. Below is a portion of the colloquy:

> State: What, if any, advice did you give to [the petitioner] about lesser included offenses?
>
> Counsel: I explained to him that he might be convicted of Aggravated Robbery or Robbery or Facilitation of Especially Aggravated Robbery or Attempt or Solicitation to Commit Especially Aggravated Robbery.

The post-conviction court heard counsel's testimony that he informed the petitioner of lesser-included offenses and accredited that testimony. The only evidence to rebut counsel's assertion is the defendant's own testimony. We note the post-conviction court was in the best position to evaluate the credibility of both witnesses, and the record does not preponderate against the post-conviction court's finding that counsel apprised the petitioner of lesser-included offenses. Accordingly, the petitioner is not entitled to relief on this issue.

## 3. Coercion

---

[2] Our supreme court requires trial judges to follow these procedures to "[e]nsure that the courts of this State afford fairness and justice to defendants in criminal cases." See Mackey, 553 S.W.2d at 340-41.

The petitioner's final argument is that he was coerced by his counsel into pleading guilty. The petitioner claims that during a break in the guilty plea proceeding, his counsel told him to tell the State what they wanted to hear. The petitioner argues that this "coercion" made his plea involuntary. Following the petitioner's discussion with counsel, the State questioned the petitioner as follows:

> State: Now, you left the courtroom with your lawyer because [the judge] allowed your lawyer to talk to you. When you were back there, did your lawyer . . . tell you that you had to come out here and admit that you were trying to cover for your girlfriend?
>
> Petitioner: Yes, ma'am.
>
> State: He did tell you you [sic] had to?
>
> Petitioner: No. No. No. I told him that's what I wanted to do. I mean I wanted -- I wanted to tell the truth. I mean I was just trying to cover for [my girlfriend], you know.

In addition, the trial court inquired into whether the petitioner was entering his guilty plea freely and voluntarily without any threats or promises before accepting the plea. The question was as follows:

> Court: Are you entering this plea freely and voluntarily without any threats or pressures or promises?
>
> Petitioner: Yes, sir.

Furthermore, counsel testified at the post-conviction hearing that during this meeting with the petitioner, counsel "explained to [the petitioner] that he needed to tell the truth, that he would not be helping anyone, especially himself, if he lied during his guilty plea."

We note that the petitioner testified at the plea hearing that his plea was voluntary, which carries a strong presumption of verity. Moreover, the post-conviction court heard the testimony of both witnesses at the hearing and was in the best position to judge the credibility of those witnesses. After our review, we conclude the record does not preponderate against the post-conviction court's determination that the petitioner entered his plea free of coercion. Accordingly, the petitioner is not entitled to relief on this issue.

## B. Ineffective Assistance of Counsel

Although the petitioner did not explicitly argue he received the ineffective assistance of counsel in his brief, it is our view that this claim is implicit in his arguments. In addition, we note that he addressed the issue in his post-conviction petition. Therefore, we will address whether the petitioner received the effective assistance of counsel.

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving (1) that counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. See Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). Should the petitioner fail to establish either element of ineffective assistance of counsel, the petitioner is not entitled to relief. Our supreme court described the standard of review for ineffective assistance of counsel as follows:

> Because a petitioner must establish both prongs of the test, a failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component.

Goad v. State, 938 S.W.2d 363, 370 (Tenn. 1996) (citing Strickland, 466 U.S. at 697). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but, instead, would have insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

In his post-conviction petition, the petitioner claimed that counsel was deficient for: (1) failing to inform him of the possibility he could be convicted of a lesser-included offense; (2) coercing him into pleading guilty; and (3) failing to file a motion to suppress his statement to the police. With regard to the petitioner's first two claims, we have already determined that counsel's performance was not deficient. As already discussed, counsel testified that he informed the petitioner about lesser-included offenses, and the post-conviction court accredited this testimony. Counsel further testified that he did not tell the petitioner that he had to plead guilty, but instead told the petitioner to tell the truth. The post-conviction court also accredited that testimony. Additionally, the record indicates that when the petitioner entered his guilty plea, he testified that he was doing so without any threats, pressures or promises. Accordingly, with regard to the first two claims, the petitioner failed to prove by clear and convincing evidence that counsel's performance was deficient.

The petitioner's final claim regarding the ineffective assistance of counsel is that counsel failed to file a motion to suppress his statement to the police. At the post-conviction hearing,

counsel testified that he did not file a motion to suppress because the petitioner indicated almost immediately that he wanted to take responsibility and plead guilty. According to counsel, the petitioner wanted the case settled, and the State would have revoked all offers had a motion to suppress been filed. Again, the post-conviction court accredited counsel's testimony and found that counsel's representation was in accordance with the petitioner's wishes. Moreover, most dispositive of this issue is the trial court's questioning of the petitioner before accepting his guilty plea. The questions were as follows:

> Court: Now, the last thing I'm going to ask you is [counsel] has been working on your case. . . . Is there anything that you have any complaint about any investigation he didn't do, any deals he didn't work for you . . . Is there anything at all that you complained about?
>
> Petitioner: No, sir.
>
> Court: You're happy with your representation?
>
> Petitioner: Yes, sir.
>
> Court: So you need to understand that if in a year, you file a post[-]conviction petition saying that he didn't do something right, you understand you're telling me now under oath that he did things right, and that would be a lie, wouldn't it?
>
> Petitioner: Yes, sir.
>
> Court: That would be perjury as a matter of fact. Is there anything else you want to ask me about this?
>
> Petitioner: No, sir.

By the petitioner's own testimony, counsel's performance was not deficient, and he was satisfied with his representation. Accordingly, the petitioner is not entitled to relief on this issue.

## CONCLUSION

Following our review, we affirm the judgment of the post-conviction court.

_____
J.C. McLIN, JUDGE