**James Edward DELBRIDGE, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee,
at Jackson.

Dec. 21, 1987.

James Edward Delbridge, pro se.

William Barry Wood, Asst. Atty. Gen., Nashville, for appellee.

### ORDER GRANTING STATE'S RULE 11 APPLICATION AND DISMISSING DEFENDANT'S POST–CONVICTION PETITION

PER CURIAM.

On 10 October, 1985, defendant filed a petition for writ of habeas corpus which has been treated as a post-conviction petition. That petition was the third post-conviction petition complaining of errors that occurred in a trial in 1980, in which he was convicted of murder in the second degree and wherein on direct appeal the Court of Criminal Appeals, on 1 October 1981, affirmed the conviction. Defendant filed a post-conviction petition in 1982 and a writ of error coram nobis in 1984, both of which were dismissed in the trial court and the dismissals affirmed by the Court of Criminal Appeals.

The third petition that is presently before the Court alleges that the jury was instructed that if it was shown by a reasonable doubt that the victim was killed, the killing was presumed to be malicious in the absence of evidence that would rebut the implied presumption, and further that if a deadly weapon was used, its use raised a presumption of malice, which instructions violated defendant's constitutional rights under *Clark v. Rose*, 611 F.Supp. 294 (D.C. Tenn.1983).

The State moved to dismiss defendant's petition for the reason that petitioner had failed to raise that issue on the direct appeal of his conviction and on two prior petitions for post-conviction relief. The record reveals that counsel was appointed to represent defendant in the trial court and that the petition was dismissed on 8 November 1985, on the ground that defendant had waived the issue asserted, pursuant to T.C.A. § 40–30–112.

The Court of Criminal Appeals noted that the jury instruction alleged to have been given was not in the record, but that "if the trial judge delivered the instruction as al-

leged in the petition filed in the court below, it is almost a certainty ... that the trial judge instructed the jury in accordance with what was then the settled law of Tennessee.[1]" Footnote one cites numerous Tennessee cases to the effect that in this State it has long been the rule that all homicides are presumed to be malicious.

The intermediate court held that *Rose v. Clark,* 478 U.S. 570, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986) rather than *Sandstrom v. Montana,* 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979) triggered constitutional error when the jury was instructed that all homicides are presumed to be malicious, etc. In addition, the Court noted that if *Sandstrom* triggered that error, defendant's counsel's failure to assert that issue at trial and on direct appeal was a plain example of ineffective assistance of counsel.

The Court of Criminal Appeals reversed the trial judge and remanded the case with instructions to appoint counsel and conduct a full evidentiary hearing to determine whether the instructions delivered to the jury were permissible under *Sandstrom* and *Francis v. Franklin,* 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1985), and if error, whether such error was harmless under *Rose v. Clark, supra.*

The State filed a Rule 11 application to this Court which we grant for the reasons hereinafter stated.

 The courts may take judicial notice of the court records in an earlier proceeding of the same case and the actions of the courts thereon. *State ex rel. Wilkerson v. Bomar,* 213 Tenn. 499, 376 S.W.2d 451 (1964). This Court has obtained the record of the trial of this cause and has ascertained that the charge given by the trial judge did not violate *Sandstrom.* The instruction given with respect to malice entirely omitted any language with respect to a presumed or implied presumption and could not possibly be held to violate *Sandstrom* or its progeny.

In addition, T.C.A. § 40–30–114 imposes upon the district attorney generals, with the assistance of the State Attorney General and his staff where appropriate, the duty to see that "the records or transcripts ... that are material to the questions raised therein" are timely filed in post-conviction proceedings. That portion of the charge given at the trial of this case dealing with malice should have been filed by the Shelby County District Attorney's office with its responsive pleading. T.C.A. § 40–30–114(b). The appellate courts are authorized to supplement incomplete records. T.R.A.P. 24(e).

In the exercise of our supervisory powers, and the authority contained in T.R.A.P. 13(b) to consider issues not presented by the parties to prevent needless litigation and prejudice to the judicial process, we have ascertained that there is no factual basis for this post-conviction proceeding on the face of the record of this case and it is dismissed.

O'BRIEN, J., not participating.