IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1997 SESSION

| | | |
|---|---|---|
| JAMES E. DELBRIDGE, | * | C.C.A. # 02C01-9605-CR-00142 |
| Appellant, | * | SHELBY COUNTY |
| VS. | * | Hon. L. T. Lafferty, Judge |
| STATE OF TENNESSEE, | * | (Post-Conviction) |
| Appellee. | * | |

**FILED**

**August 27, 1997**

**Cecil Crowson, Jr.**
Appellate Court Clerk

For Appellant:

James E. Delbridge, pro se
Cold Creek Correctional Facility
Route 2, Box 1000
Henning, TN  38041-1000

For Appellee:

Charles W. Burson
Attorney General & Reporter

Deborah A. Tullis
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Karen Cook
Assistant District Attorney General
Criminal Justice Complex
201 Poplar Avenue
Memphis, TN  38103

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

## OPINION

The petitioner, James E. Delbridge, appeals the trial court's denial of his petition for post-conviction relief. The dispositive issue is whether the trial court correctly dismissed the petition without an evidentiary hearing on the basis that it was barred by the statute of limitations. We affirm the judgment of dismissal.

On May 9, 1981, the petitioner was convicted of second degree murder and sentenced to a term of forty-five years. This court affirmed on direct appeal, State v. Delbridge, 630 S.W.2d 626 (Tenn. Crim. App. 1981), and application for permission to appeal was denied by the supreme court on December 28, 1981. Thereafter, the petitioner made other attacks upon his conviction. In an order filed December 21, 1987, the supreme court, while dismissing the petitioner's third post-conviction petition, made the following observation about his first two applications for post-judgment relief: "[The] [d]efendant filed a post-conviction petition in 1982 and a writ of error coram nobis in 1984, both of which were dismissed in the trial court and the dismissals affirmed by the Court of Criminal Appeals." Delbridge v. State, 742 S.W.2d 266, 266 (Tenn. 1987).

In this November 14, 1995, petition, the petitioner primarily alleged that he had been denied due process by the jury instruction on reasonable doubt. See Cage v. Louisiana, 498 U.S. 39 (1991). The petitioner also argued that his counsel was ineffective for having failed to argue that the reasonable doubt instruction was unconstitutional. The trial court dismissed the petition without an evidentiary hearing and without the appointment of counsel for three reasons:

> (1) the petition was not timely filed;
>
> (2) the issue had been waived for the failure to present it in a prior proceeding; and
>
> (3) that, as to the claim of ineffective assistance of

2

counsel, the ground had been previously determined.

See Tenn. Code Ann. § 40-30-206 (1996 Supp.). The trial court considered and rejected the merits of the petitioner's claim that the reference to moral certainty in the jury instructions violated due process. We concur in the observations by the trial court. Even without considering the procedural bars,[1] the due process claim lacks merit as does the allegation of ineffective assistance of counsel for failure to assert the ground.

In Cage v. Louisiana, the United State Supreme Court held that the terms, "actual substantial doubt" and "grave" uncertainty in determining whether the doubt was sufficient for acquittal, lowered the necessary burden of proof required for conviction; when those phrases were considered along with the term "moral certainty," a reasonable juror could have interpreted the instruction to allow finding of guilt based on a degree of proof below that required by the due process clause. 498 U.S. at 41. In Sullivan v. Louisiana, 508 U.S. 275 (1993), it was determined that a deficient reasonable doubt instruction is never harmless error.

Here, the petitioner relies upon recent decisions by the United States Supreme Court by attacking the use of the term "moral certainty" in conjunction with the reasonable doubt standard. This very terminology, however, has been approved by this court as long as not used in connection with other qualifying phrases such as "substantial" or "grave." See, e.g., State v. Hallock, 875 S.W.2d 285 (Tenn. Crim. App. 1993); Eanos Earl Hunt v. State, No. 03C01-9308-CR-00266

---

[1]A majority of this panel adheres to the view that the 1995 amendment to the Post-Conviction Procedure Act did not create an opportunity to file a post-conviction claim within one year after May 10, 1995, for those petitioners who had been barred by the former three-year statute of limitations. See Tenn. Code Ann. § 40-30-102 (repealed 1995); Tenn. Code Ann. § 40-30-202 (1996 Supp.). Also, the statutory defense of waiver would likely bar this claim. See House v. State, 911 S.W.2d 705 (Tenn. 1995). The presumption of waiver is not overcome by an allegation that the petitioner was not personally aware of a ground for relief. Waiver is to be determined by an objective standard and the petitioner is bound by the action or inaction of his counsel. Id.

3

(Tenn. Crim. App., at Knoxville, Feb. 3, 1994); <u>State v. Gary Lee Blank</u>, No. 01C01-9105-CC-00139 (Tenn. Crim. App., at Nashville, Feb. 29, 1992).  Here, the petitioner offers no proof that the reference to moral certainty lowered the degree of proof in violation of the due process clause.  The trial court found favorably for the state on this issue.  Because there was no error in the instructions, counsel for the petitioner cannot be deemed ineffective for having failed to allege the ground as a means of relief.

      Accordingly, the judgment is affirmed.


_____
Gary R. Wade, Judge

CONCUR:


_____
John H. Peay, Judge


_____
Thomas T. Woodall, Judge

4