IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**BRENT ALLEN BLYE v. STATE OF TENNESSEE**

**Direct Appeal from the Criminal Court for Sullivan County**
**No. C40,364    R. Jerry Beck , Judge**

**No. E1999-01141-CCA-R3-PC - Decided**
**May 26, 2000**

Petitioner Brent Allen Blye filed a petition for post-conviction relief in the Sullivan County Criminal Court. Following an evidentiary hearing, the post-conviction court denied the petition. Petitioner challenges that denial, raising the following issue: whether he received ineffective assistance of counsel at trial and on direct appeal. The judgment of the post-conviction court denying the petition is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

WOODALL, J. delivered the opinion of the court, in which TIPTON, J. and WITT, J. joined.

Stephen M. Wallace, District Public Defender, and Joseph F. Harrison, Assistant Public Defender, Blountville, Tennessee, for the appellant, Brent Allen Blye, at trial; John E. Herbison, Nashville, Tennessee, for the appellant Brent Allen Blye, on appeal.

Paul G. Summers, Attorney General and Reporter, R. Stephen Jobe, Assistant Attorney General, H. Greeley Wells, Jr., District Attorney General, and Mary Katharine Harvey, for the appellee, State of Tennessee.

**OPINION**

**I.  BACKGROUND**

On February 24, 1995, Petitioner was convicted of evading arrest and possessing more than .5 grams of cocaine with intent to sell. Petitioner subsequently received an effective sentence of ten years. The evidence leading to the convictions was summarized by this Court on direct appeal:

> While on routine patrol on July 8, 1994, Officer Dion Spriggs of the Kingsport Police Department spotted a black Chevrolet Cavalier being driven on the street with its stereo blaring loudly. Officer Spriggs estimated that the car was approximately 75 to 100 feet away from him when he first heard the music. He followed the car a short distance, activated his blue lights, and ultimately stopped the car. Officer Spriggs testified that the purpose of the stop was not to issue a citation to the driver, but to inform him that he was violating a city noise ordinance which prohibits one from making unnecessary noise that can be heard over

25 feet away.  Immediately upon stopping the car, the officer began to radio his position to the dispatch officer.  However, before the officer could transmit his location and the purpose of the stop to dispatch, [Petitioner], who was a passenger in the car, stepped out of the car.  The officer immediately ordered [Petitioner] to get back into his car.  [Petitioner] refused the officer's command, stating that he did not have to stay.  [Petitioner] then fled on foot into a nearby housing project.  At about the same time, two other officers of the Kingsport Police Department appeared on the scene.  When Officer David Samples saw Officer Spriggs chasing [Petitioner], he joined in the chase.  During the pursuit, Officer Spriggs saw [Petitioner] drop a clear plastic bag containing what was ultimately determined to be cocaine.  After [Petitioner] was apprehended, arrested, and placed in a patrol car, the officers went back to where [Petitioner] had dropped the bag of cocaine and recovered it. In addition to recovering 11.6 grams of cocaine, the officers seized $558.70 and a package of cigarette rolling papers during a search of [Petitioner] which was made incident to his arrest.

State v. Brent Allen Blye, No. 03C01-9508-CC-00245, 1996 WL 414412, at *1 (Tenn. Crim. App., Knoxville, July 23, 1996), app. denied, (Tenn. Jan. 27, 1997).  This Court upheld the convictions and sentences on direct appeal and the Tennessee Supreme Court denied permission to appeal. Id., 1996 WL 414412.

Petitioner filed a petition for post-conviction relief on July 28, 1997, and an amended petition on September 28, 1998.  The post-conviction court conducted a hearing on February 8, 1999.

Petitioner testified at the post-conviction hearing that he had received ineffective assistance of counsel at trial because his attorney had failed to make the State meet its burden of proof in a suppression hearing.  Specifically, Petitioner alleged that the attorney was ineffective because the State had asserted that the vehicle stop was constitutional because Officer Spriggs had stopped the vehicle for a violation of a municipal noise ordinance and the attorney never forced the State to prove that the noise ordinance actually existed.  Petitioner also testified that his attorney was ineffective because he failed to raise this issue on direct appeal.

Petitioner testified that he also received ineffective assistance of counsel on direct appeal because his attorney failed to raise the issue of the trial court's denial of a motion for a mistrial. Specifically, Petitioner alleged that the attorney should have appealed the trial court's failure to grant a motion for a mistrial when Officer Samples provided inadmissible and unresponsive testimony about why he believed that Petitioner had possessed the cocaine for resale rather than personal use.

The Petitioner's attorney at trial testified that during his research, he was unable to find the type of noise ordinance that Officer Spriggs had referred to as a basis for the vehicle stop, but he did find a nuisance ordinance that he believed was a valid basis for the stop.  He stated that he could not remember whether he had raised the lack of proof of a noise ordinance during the suppression hearing, but he believed that it was the kind of issue that he would typically raise.  In addition, he testified that he did in fact raise the lack of proof of the noise ordinance as an issue in the direct appeal of this case.

The attorney testified that he made a conscious decision not to appeal the trial court's denial of a mistrial because he did not want to detract from the suppression issue, which he believed was the strongest issue on appeal. He also testified on cross-examination that his decision to abandon this issue on direct appeal was a tactical one.

On February 24, 1999, the post-conviction court denied relief in a detailed written order. The post-conviction court found that the issue relating to the lack of proof of the noise ordinance had in fact been raised both at trial and on direct appeal. The post-conviction court also found that regardless, this issue had no merit because the vehicle stop was valid based on a suspected violation of the disorderly conduct law. In addition, the post-conviction court found that counsel was not ineffective in failing to raise the denial of a mistrial as a issue on direct appeal because the trial court sustained the objection to Officer Sample's testimony and also gave the jury a curative instruction.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner contends that he received ineffective assistance of counsel both at trial and on direct appeal. We disagree.

Article I, Section 9 of the Tennessee Constitution provides "that in all criminal prosecutions, the accused hath the right to be heard by himself and his counsel." Tenn. Const. art I, § 9. Similarly, the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. "These constitutional provisions afford to the accused in a criminal prosecution the right to effective assistance of counsel." Henley v. State, 960 S.W.2d 572, 579 (Tenn. 1997).

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) the deficient performance was prejudicial. Powers v. State, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80 L.Ed.2d 674 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." Henley, 960 S.W.2d at 580. "Indeed, a court need not address the components in any particular order or even address both if the defendant makes an insufficient showing of one component." Id.

A petitioner has the burden of proving his or her allegations by clear and convincing evidence. Tenn. Code Ann. § 40-30-210(f) (1997). The post-conviction court's findings of fact are conclusive on appeal unless the evidence in the record preponderates against those findings. State

v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). However, the post-conviction court's application of the law to the facts is reviewed de novo without any presumption of correctness. Id. "[T]he issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact" and thus, our review of these issues is de novo. Id. (citation omitted).

**A.**

Petitioner contends that he received ineffective assistance of counsel because his attorney was deficient both during trial and on direct appeal in the way that he challenged the admissibility of the evidence discovered after the vehicle stop.

Officer Dion Spriggs testified during the suppression hearing that he made the stop of the vehicle in which Petitioner was a passenger. Spriggs stopped the vehicle because of "extremely loud" music that was coming from it. Several complaints had previously been received about loud music in the residential neighborhood where Spriggs spotted the vehicle and the music on this occasion was so loud that Spriggs had actually heard the music before the vehicle came into view. Spriggs testified that he stopped the vehicle because he believed that the loud music was violating a municipal noise ordinance. Spriggs also testified that he believed that the noise level was loud enough that it was a violation of the disorderly conduct statute.

At the conclusion of the suppression hearing, the trial court found that the stop of the vehicle was constitutional because Officer Spriggs had reasonable suspicion that the loud music coming from the vehicle was a violation of both the municipal noise ordinance and the disorderly conduct statute.

Petitioner contends that his attorney was deficient in his handling of the suppression issue in that he failed to argue that because the State never proved that the noise ordinance actually existed, the stop of the vehicle could not be justified by any alleged violation of the ordinance. In addition, Petitioner contends that his attorney was deficient in that he failed to argue that the stop was also illegal because the evidence introduced during the suppression hearing would not have supported a conviction under the disorderly conduct statute.

The record indicates that the attorney did in fact challenge the State's failure to prove that the noise ordinance existed during the suppression hearing. During the suppression hearing, he made the following argument:

> [Petitioner] was stopped as a passenger in a vehicle. His liberty is restrained when the vehicle that he is riding in as a passenger is stopped. So I think Your Honor's primary consideration is the constitutionality of the stop, and that's where we get into law that Your Honor already knows, that the officer has to acting [sic] under a reasonable suspicion that there has been some criminal activity there. And he was unable to articulate to the Court what unlawful activity—he had a vague notion about a noise ordinance, <u>a noise violation which was not produced. He was not—it just was not proven that the ordinance existed, or applied in any way</u>. . . . <u>And the noise violation, Your Honor, again, has not been produced,</u>

it has not been proven that—the reasonable suspicion of criminal activity just has not been shown. (Emphasis added).

Thus, it is evident that, although he was not successful, counsel did argue that the State's failure to prove that the noise ordinance existed required suppression of the evidence in this case.

The record also indicates that the attorney argued during the suppression hearing that the vehicle stop could not be justified based on an alleged violation of the disorderly conduct statute. The trial court specifically noted that although the State had not introduced enough evidence to establish a violation of the disorderly conduct statute beyond a reasonable doubt, that standard of proof was not required and the actual standard requiring only a reasonable suspicion of a violation had been satisfied.

Petitioner also contends that his attorney was deficient because he failed to argue on direct appeal that the vehicle stop could not be justified by either an alleged violation of the municipal noise ordinance or an alleged violation of the disorderly conduct statute. This Court may take judicial notice of court records in an earlier proceeding of the same case. Delbridge v. State, 742 S.W.2d 266, 267 (Tenn. 1987). We have reviewed the brief filed by counsel in the direct appeal of this case. In the brief, he argued that "Officer Spriggs mentioned a noise ordinance which was loosely referred to but was never placed in evidence or made available by the State." In addition, he specifically argued that "the disorderly conduct statute . . . is completely inapplicable, since it requires an 'intent to cause public annoyance or alarm' , or 'the preventing of others from carrying on lawful activities' . . . There was no evidence of either in this case." In response to these arguments, this Court held:

> . . . The trial court found that there was a loud noise blaring from the car prior to Officer Spriggs stopping the car. The court further stated;
>> "there is evidently, a city ordinance in Kingsport as [Petitioner's counsel] alluded to in writing in his pleading, and cited. Mr. Hickman asked . . . questions from it, and the officer described it, and [the assistant district attorney] asked questions about it; but nobody ever introduced it. So, I just know there is a city ordinance, and everybody seems to agree that it applies to noise."
>
> Having found that there is a noise ordinance in Kingsport, the trial court further found that the loud stereo playing from the car gave Officer Spriggs a reasonable basis to stop the car both under the city ordinance as well as under the disorderly conduct statute found at Tennessee Code Annotated section 39-17-305. In State v. Stephen C. Cloyd, Washington County (Tenn. Crim. App., at Knoxville, March 21, 1985) (No number in original), perm. to appeal denied (Tenn. 1985), this court upheld the stop of a vehicle where the basis of the stop was a violation of the State's muffler law found at Tennessee Code Annotated section 55-9-202(a). Subsequent to the stop, the officer had reason to believe the driver was intoxicated and ultimately arrested him for driving under the influence. Likewise, in the case at bar, the apparent noise ordinance violation gave Officer Spriggs a reasonable basis upon which to stop the vehicle in which [Petitioner] was riding.
> . . . .
> . . . The trial court's denial of [Petitioner's] motion to suppress is affirmed.

<u>Brent Allen Blye</u>, 1996 WL 414412, at *2 (footnote omitted). Although not expressly stated, it is evident from the above language that this Court approved the trial court's reasoning that the vehicle stop was valid because Officer Spriggs had a reasonable articulable suspicion that the disorderly conduct statute had been violated.

Quite simply, Petitioner has failed to establish that anything his attorney could have done would have resulted in a different outcome for the suppression issue. It is evident that when Officer Spriggs heard the extremely loud music coming from the vehicle in a residential area where several reports of excessive noise had been made, Spriggs had a reasonable, articulable suspicion that the disorderly conduct statute was being violated and therefore, the vehicle stop was valid. <u>See</u> <u>State v. Hiner</u>, 988 S.W.2d 697, 700 (Tenn. Crim. App. 1998) (citing <u>Terry v. Ohio</u>, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)) ("An investigatory stop of a motor vehicle may be made upon a reasonable suspicion by a police officer, supported by specific and articulable facts, that a criminal offense has been or is about to be committed.").

In short, Petitioner has failed to meet his burden of showing that he was prejudiced by any alleged deficiencies in counsel's handling of the suppression issue. Petitioner is not entitled to relief on this issue.

**B.**

Petitioner contends that he received ineffective assistance of counsel because his attorney failed to challenge the denial of the motion for a mistrial on direct appeal.

The record indicates that during the cross-examination of Officer Samples, counsel asked Samples whether he had discovered any materials used to prepare drugs for resale when he apprehended Petitioner. Samples then stated:

> The five hundred and fifty dollars ($550.00) that was stuck down in the front of his pants, a very high percentage of the drug arrests we make, that's where the money is kept. Okay. And that falls right along with it. Most people around here don't stick money down in the front of their pants. I meant that's just not—you know, most people will put it in their pocket. Okay. They also keep that money separate from their own personal money—you know, the eight dollars and seventy cents ($8.70) may have been [Petitioner's] own personal money. Also, the large amount of cocaine, that you won't find on any one person. Most people over there cannot afford that much cocaine. That's, on street value, that is—that's worth a lot.

At this point, counsel objected to this testimony on the ground that it was not responsive to the question. The trial court then conducted a jury out hearing, in which the petitioner's attorney moved for a mistrial. The trial court sustained the objection as to the testimony about where most people keep their money and about whether "most people over there can afford cocaine," but the trial court denied the motion for a mistrial.

Immediately thereafter, the jury returned and the trial court instructed the jury that Officer Samples' testimony about whether most people keep their money in the front of their pants was

improper and unresponsive opinion testimony. The trial court also instructed the jury that it could not consider Samples' improper opinion testimony and it must be disregarded. The trial court then asked each member of the jury to raise his or her hand to indicate that they would disregard the statement and all of the jurors raised their hands.

The petitioner's attorney testified during the post-conviction hearing that he made a conscious decision not to appeal the trial court's denial of a mistrial because he did not want to detract from the suppression issue, which he believed was the strongest issue on appeal. He also testified on cross-examination that his decision to abandon this issue on direct appeal was a tactical one.

The Tennessee Supreme Court has stated that "there is no constitutional requirement that an attorney argue every issue on appeal." Cooper v. State, 849 S.W.2d 744, 747 (Tenn. 1993). "Further, experienced advocates have long emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most a few key issues." Id. (citation and internal quotations omitted). "Generally, the determination of which issues to present on appeal is a matter which addresses itself to the professional judgment and sound discretion of appellate counsel." Id.

The attorney's decision to abandon the mistrial issue on direct appeal was clearly a tactical decision that should not be second guessed. However, assuming for the sake of argument that counsel's performance was deficient in this regard, Petitioner has failed to establish that he was prejudiced as a result.

In this case, the trial court gave a prompt curative instruction in which it instructed the jury not to consider the improper testimony. It is well-established that the jury is presumed to have followed the trial court's curative instructions. See State v. Smith, 893 S.W.2d 908, 914 (Tenn. 1994); State v. Johnson, 762 S.W.2d 110, 116 (Tenn. 1988); State v. Williams, 929 S.W.2d 385, 388 (Tenn. Crim. App. 1996). Thus, any challenge to the denial of a mistrial had no merit and pursuing it on direct appeal would not have resulted in an outcome that was any different.

In short, Petitioner has failed to meet his burden of showing that he was prejudiced by counsel's alleged deficiency in failing to challenge the denial of the motion for a mistrial on direct appeal. Petitioner is not entitled to relief on this issue.

Accordingly, the judgment of the post-conviction court denying the petition is AFFIRMED.