IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2016

**RYAN JAMES HOWARD v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Washington County**
**No. 39410     Stacy L. Street, Judge**

———————————————————

**No. E2015-02186-CCA-R3-PC – Filed March 24, 2017**

———————————————————

Petitioner, Ryan James Howard, appeals from the post-conviction court's dismissal of Petitioner's post-conviction petition following an evidentiary hearing. Petitioner asserts that he is entitled to relief because he received ineffective assistance of counsel in the proceedings leading to his convictions for one count of second degree murder and one count of voluntary manslaughter. After a thorough review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT H. MONTGOMERY, JR., JJ., joined.

Patrick Denton, Johnson City, Tennessee, for the appellant, Ryan James Howard.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Senior Counsel; Anthony Wade Clark, District Attorney General; and Dennis Brooks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Background*

Following a jury trial in the Washington County Criminal Court, Petitioner was found guilty of the second degree murder of Ted Gregg and the voluntary manslaughter of Robert Brown. Both victims were stabbed to death. There was evidence presented at trial that Petitioner had committed premeditated murder of one victim and felony murder of the other victim, and there was also evidence that Petitioner acted in self-defense. On direct appeal Petitioner's convictions were affirmed. *State v. Ryan James Howard*, No. E2011-01571-CCA-R3-CD, 2013 WL 132665 at *8 (Tenn. Crim. App. Jan. 10, 2013).

Petitioner filed a petition for post-conviction relief, and after appointment of counsel, the filing of an amended petition, and an answer filed by the State, an evidentiary hearing was held, following which the post-conviction court filed an order denying relief. Petitioner has timely appealed to this court.

### *Evidentiary Hearing*

Testimony from Petitioner, his two trial attorneys (hereinafter "lead trial counsel" and "co-counsel"), the landlord of the duplex where Petitioner resided, and Petitioner's sister was presented by Petitioner. Several alleged grounds of ineffective assistance of counsel were asserted by Petitioner in the post-conviction court. However, on appeal Petitioner has argued only one specific ground of ineffective assistance of counsel. Grounds not presented in Petitioner's brief are waived. *See* Tenn. R. App. P. 27(a); Tenn. R. Crim. App. 10(b). Accordingly, we will review and summarize only the relevant testimony and exhibits from the evidentiary hearing and excerpts from the trial transcript pertaining to the sole issue raised on appeal.

Petitioner's statement of the issue presented for review, taken verbatim from his brief, is as follows:

> Trial counsel's failure to object to a flagrantly improper portion of the prosecutor's closing argument - - specifically that "self defense is a get out of jail free card" - - and failure to object to a verbatim reiteration of this improper argument constitutes ineffective assistance of counsel.

A copy of three pages from the State's closing arguments was admitted as an exhibit to the post-conviction hearing at Petitioner's request. We have reviewed the entire closing arguments at the trial by both the State and Petitioner's co-counsel, which we have reviewed from the appellate record of the direct appeal. *See Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987) ("[C]ourts may take judicial notice of . . . court records in an earlier proceeding of the same case and the actions of the court thereon.").

Petitioner did not testify about the failure of either of his trial attorneys to object to the alleged improper closing argument by the State's counsel. Co-counsel testified regarding the statements made by the prosecutor during closing arguments at trial which were comments on the veracity of witnesses. Co-counsel testified that it was a tactical decision to not object to these closing argument comments. Specifically, co-counsel testified:

> I believe at the time I remember [the prosecutor] being very dramatic, melodramatic, and I felt that his drama was exaggerated and I could

bring the tone back down to [Petitioner's] version and – and convince the – the jury to – to show that everything – to re – review the actual testimony with the facts submitted by the state's witnesses the jury would come back down to earth and – and understand [Petitioner's] self-defense.

As to the precise issue presented in his brief in the case *sub judice*, the record shows that the prosecutor stated,

Ladies and gentlemen, if this is self-defense on [Petitioner's] part why was it so hard not to say that from the get-go? *Self-defense in the State of Tennessee is like a get out of jail free card.* Someone puts another person in imminent fear of death, and it's a reasonable fear that person has the right to do what they've got to do. *All across this state self-defense is a get out of jail free card.* Why didn't [Petitioner] say it from the get go? Why [did] it [take] two weeks to think of it?

(Emphasis added).

The following colloquy between Petitioner's post-conviction attorney and co-counsel at the post-conviction hearing occurred regarding these statements by the prosecutor:

Q. With regard to this ["]self-defense is a get out of jail free card["], I mean, that must have struck a nerve. Did you consider objecting to that one?

[Co-counsel] I don't remember.

Lead trial counsel testified as follows at the post-conviction hearing concerning the "get out of jail free card" argument by the prosecutor.

[Petitioner's attorney] Okay. And did you consider making objections during that closing argument when those things were said, maybe self-defense is a get out of jail free card; all across the state self-defense – the State of Tennessee self-defense is like a get out of jail free card, he [the prosecutor] says it twice, did you ever . . .

[Lead trial counsel] I think that . . .

[Petitioner's attorney] . . . think that that was improper?

- 3 -

[Lead trial counsel] I think anytime, you know, the – the counsel on the other side is saying something you're considering, you know, whether you should make an objection to anything they say but I agree with [co-counsel]. And I think [co-counsel] gave a very good closing, probably a better closing that I could give and I think that we – we did what we thought was best.

[Petitioner's attorney] Okay. All right. I think that's all I have.

After taking the matter under advisement at the conclusion of the evidentiary hearing, the post-conviction court filed an order denying relief and dismissing the petition for post-conviction relief. In its order the post-conviction court agrees that the prosecutor's remarks about the statutory right of a person to exercise his or her right to self-defense "may have been an" improper argument. However, the post-conviction court implicitly accredited the testimony of lead trial counsel and co-counsel that objections were not made to the remarks of the prosecutor for tactical strategic reasons, which are set forth above in the quoted portions of the testimony. Even though co-counsel answered "I don't remember" when Petitioner's attorney asked the specific question of whether co-counsel considered objecting to the "get out of jail free" argument, lead trial counsel covered the tactical reasons to not object to the "get out of jail" argument in his testimony at the post-conviction hearing. Accordingly, the evidence does not preponderate against the factual findings of the post-conviction court.

*Analysis*

In a post-conviction proceeding, the burden is on the Petitioner to prove his factual allegations for relief by clear and convincing evidence. T.C.A. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. *Id*. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id*. at 457.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

(1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697). A petitioner successfully demonstrates deficient performance when the evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." *Id*. at 369 (citing *Strickland*, 466 U.S. at 688: *Baxter*, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. at 370 (quoting *Strickland*, 466 U.S. at 694).

Our review of the record and the applicable law leads us to conclude that Petitioner is not entitled to relief in this appeal. The post-conviction court concluded that lead trial counsel and co-counsel did not render deficient performance by not objecting to the prosecutor's remark concerning the defense of self-defense. As noted by the post-conviction court, the strategy implemented by Petitioner's two trial counsel to not object but be "calmer and more rational in [trial counsel's] closing arguments to the jury to counter the actions of the prosecutor" who "was being overly dramatic" was "an acceptable strategy" that appeared to have resulted in favorable verdicts. Petitioner went to trial on one count of premeditated first degree murder of one victim and first degree felony murder of the other victim, but was found guilty of second degree murder and voluntary manslaughter.

Furthermore, we conclude from a careful reading of the entire closing arguments of both parties, with a focus upon the prosecutor's argument quoted above, that the "get out of jail free" comments were not improper argument based upon the context in which they were stated, and thus trial counsel's failure to object cannot be deficient performance. It appears clear to us that the prosecutor acknowledged the statutory right to act in self-defense, and that if a person kills another in self-defense, he must be found not guilty. It appears the prosecutor was pointing out to the jury that if Petitioner believed he had to act in self-defense, why would he wait almost two weeks to put forth that reason for the killings (an absolute defense to homicide) during multiple recorded telephone calls made by Petitioner from jail to several people. The proof at trial was that Petitioner stated in various calls on multiple days: he killed one victim so his girlfriend could "get her kid back;" the killings were "over" $50.00, and his girlfriend planned it and "she had that big . . . black dude . . . in that . . . house. . ."; Petitioner denied killing the victims and claimed "the dude . . . stabbed him;" his girlfriend did it and Petitioner was trying to cover it up; the two victims stabbed each other; and finally, twelve days

after the first recorded phone call, Petitioner claimed self-defense. *See Ryan James Howard*, 2013 WL 132665 at *7-8. We agree that in some circumstances a prosecutor's remark that the statutory right to self-defense is just a "get out of jail free card" could be an improper argument. Taken in context of the closing argument in this case, it was not improper.

CONCLUSION

Absent proof of deficient performance, there is no need to consider prejudice to Petitioner. Accordingly, the judgment of the post-conviction court is affirmed.

_____

THOMAS T. WOODALL, PRESIDING JUDGE