IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
September 12, 2017 Session

## MATTHEW B. FOLEY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Rutherford County**
**No. F-52128  David M. Bragg, Judge**

_____

### No. M2016-02456-CCA-R3-PC

_____

Matthew B. Foley, the Petitioner, filed a petition for post-conviction relief thirteen years after he entered a guilty plea; he argued that the statute of limitations should be tolled on due process grounds and that the State had breached a material element of his plea agreement.  The post-conviction court summarily dismissed the petition on the ground that the statute of limitations should not be tolled.  On appeal, this court held that the statute of limitations should be tolled based on due process grounds and remanded the case for an evidentiary hearing on the merits.  *Matthew B. Foley v. State*, No. M2015-00311-CCA-R3-PC, 2016 WL 245857, at *8 (Tenn. Crim. App. Jan. 20, 2016), *no perm. app. filed*.  On remand, the post-conviction court again denied relief on the ground that the statute of limitations should not be tolled based on due process.  We again reverse and remand this case for an evidentiary hearing on the merits of the post-conviction relief petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT H. MONTGOMERY, JR., JJ., joined.

Wesley B. Clark, Nashville, Tennessee, for the appellant, Matthew Benjamin Foley.

Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; Jennings H. Jones, District Attorney General; and Hugh Ammerman, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## I. Factual and Procedural Background

On February 28, 2002, Matthew B. Foley, the Petitioner, who was fifteen years of age at the time of the offense, entered a negotiated plea of guilty to a reduced charge of facilitation of especially aggravated kidnapping.[1] At that time, facilitation of especially aggravated kidnapping was not listed as an offense requiring registration under the Sexual Offender Registration Act (the Act), and at the plea submission hearing the State noted that it was of "major benefit" to the Petitioner to plea to this offense because he would not be required to register as a sex offender. The trial court stated that the Petitioner would "be required to follow the requirements for a sex offender, although [he was] not going to be officially a sex offender."

On June 22, 2002, the Act was amended to add facilitation of especially aggravated kidnapping as a sexual offense requiring registration; on July 1, 2004, the Act was again amended to remove facilitation of especially aggravated kidnapping from the Act. In the fall of 2011, while the Petitioner was incarcerated in a state prison serving the remainder of his sentence for especially aggravated kidnapping after violating his probation, he was informed that he needed to register as a sex offender. The Petitioner refused and was arrested upon his release from state prison. However, when the Petitioner was able to show through counsel that he was not statutorily required to register as a sex offender, the State dismissed the charge on April 3, 2012. In May 2012, Detective Jennifer West of the Murfreesboro Police Department told the Petitioner that he was required to register. The Petitioner told Detective West that he was not required to register, however, on May 25, 2012, he signed a Tennessee Bureau of Investigation Sexual Offender Instructions Form and began reporting to Detective West. Again, at this time, the Petitioner was not required to register under the statute. On July 1, 2012, the Act was again amended to add facilitation of especially aggravated kidnapping as a sexual offense requiring registration. On September 10, 2012, the Petitioner was again arrested for violation of the sex offender registry. He again hired private counsel who, on August 19, 2013, was successful in having the charge retired. In 2014, the Petitioner was again arrested for violating the terms of the registry; he later pled no contest to two counts of violating the registry.

---

[1] To assist in the resolution of this proceeding, we take judicial notice of the record from the Petitioner's first appeal from the denial of post-conviction relief. *See* Tenn. R. App. P. 13(c); *State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009); *Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987); *State ex rel. Wilkerson v. Bomar*, 376 S.W.2d 451, 453 (Tenn. 1964).

*Post-Conviction Proceedings*

The Petitioner filed a petition for post-conviction relief on January 7, 2015. In his petition, the Petitioner alleged that "[b]y modifying the Sex Offender Registration Act to include the offense of Facilitation of Especially Aggravated Kidnapping and forcing [the] Petitioner to comply with the sex offender registry, the State of Tennessee ha[d] effectively violated a material condition of the plea agreement entered on February 28, 2002." Additionally, the Petitioner alleged that the State of Tennessee "violated [the] Petitioner's] Due Process rights under the 5th and 14th amendments to the U.S. Constitution and Article I, § 8 of the Tennessee Constitution, and rendering [the] Petitioner's guilty plea involuntary."

The post-conviction court summarily denied the post-conviction relief petition, finding that the petition was barred by the one-year statute of limitations. The Petitioner appealed, and this court reversed and remanded for "***an evidentiary hearing in which to present proof as to his post-conviction grounds for relief***." *Matthew B. Foley*, 2016 WL 245857, at *8 (emphasis added). Our court stated the following:

> We find this to be one of those rare unconscionable cases that cries out for due process tolling. *See, e.g., Dennis Cedric Woodard, Jr., v. State*, No. M2013-01857-CCA-R3-PC, 20014 WL 4536641 (Tenn. Crim. App. Sept. 15, 2014) (concluding that later-arising claim involving attorney misconduct necessitated tolling of the limitations period). However, we note that our determination that the Petitioner is entitled to a hearing is not to be read as indicative of the merit of the Petitioner's claims, which will be analyzed by the post-conviction court. *Id.* We also guide the lower court to make the appropriate findings in ruling on the petition. *Id.* Accordingly, this case is reversed, and the Petitioner must receive an evidentiary hearing in which to present proof as to his post-conviction grounds for relief.

*Matthew B. Foley*, 2016 WL 245857, at *8.

## II. Analysis

On appeal, the Petitioner argues that due process concerns require tolling of the post-conviction statute of limitations, that the State breached its plea agreement with the Petitioner, and that enforcement of the registry against the Petitioner violated the Ex Post Facto clause. The State contends that the Petitioner is not entitled to due process tolling of the statute of limitations because he has not diligently pursued his post-conviction rights and no extraordinary circumstance prevented him from timely filing his petition.

- 3 -

On remand, it appears that the post-conviction court again focused solely on whether the statute of limitations should be tolled in the Petitioner's case on due process grounds. In its order filed on November 14, 2016, the post-conviction court stated: "After an examination of the Petition, the record as a whole, transcripts, and correspondence relating to the claims, this Court DENIES the Petitioner's request for failure to file within the statutory time limit and for failure to state any basis for tolling the Statute of Limitations." The post-conviction court concluded that the Petitioner had not pursued his claim diligently and that no extraordinary circumstance existed to warrant due process tolling of the statute of limitations. The post-conviction court did not reach the merits of the petition.

However, in this court's previous opinion, a panel of this court determined that the Petitioner's claims were "later-arising" and concluded that "it was only when the State sought to apply the act's provisions to the Petitioner that it possibly breached a 'material term' of the plea agreement triggering the Petitioner's responsibility to pursue his rights diligently." *Id.* at \*5, 7. Further, our court concluded that "the Petitioner was diligently pursuing his rights in accordance with the *Whitehead-Holland* test."[2] *Id.* at \*8. Because our court, in *Matthew B. Foley*, explicitly concluded that due process concerns should toll the statute of limitations in the Petitioner's case and remanded the case for an evidentiary hearing on the merits of the Petitioner's petition, we again remand this case for **an evidentiary hearing on the merits**. On remand, the post-conviction court should make findings of fact and conclusions of law relating to the claims for relief in the petition.

### III. Conclusion

For the aforementioned reasons, the judgment of the post-conviction court is reversed and remanded for an evidentiary hearing on the merits of the Petitioner's claims for post-conviction relief.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

[2] See *Whitehead v. State*, 402 S.W.3d 615, 622–23 (Tenn. 2013), *Holland v. Florida*, 560 U.S. 631, 648–49 (2010).