IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 22, 2025

**ANTONIO JAMES v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-24-52  Donald H. Allen, Judge**

_____

**No. W2025-00021-CCA-R3-PC**

_____

Petitioner, Antonio James, appeals the denial of his post-conviction petition, arguing that the post-conviction court erred in denying his claim that he received the ineffective assistance of counsel because the sufficiency of the evidence was not challenged on appeal. Following our review of the entire record, the briefs of the parties, and applicable law, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and STEVEN W. SWORD, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, Antonio James.

Jonathan Skrmetti, Attorney General and Reporter; Raymond J. Lepone, Assistant Attorney General; Jody Pickens, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural Background*

Around 6:00 p.m. on March 5, 2019, Petitioner fatally shot his mother in the head. *State v. James*, No. W2022-00023-CCA-R3-CD, 2023 WL 3749813, at *1 (Tenn. Crim. App. June 1, 2023), *perm. app. denied* (Tenn. Sept. 14, 2023).[1]  Both Petitioner and his

---

[1] We take judicial notice of the record from Petitioner's direct appeal. *See Brown v. State*, No. W2024-01291-CCA-R3-ECN, 2025 WL 1514669, at *2 n.1 (Tenn. Crim. App. May 28, 2025) (citing Tenn. R. App. P. 13(c); *State v. Lawson*, 291 S.W.3d 864, 869 (Tenn. 2009); *Delbridge v. State*, 742 S.W.2d 266, 267 (Tenn. 1987); *State ex rel. Wilkerson v. Bomar*, 376 S.W.2d 451, 453 (Tenn. 1964)), *reh'g denied* (Tenn. Crim. App. June 25, 2025).

mother had consumed alcohol earlier in the day, and Petitioner took prescribed medication that made him "delusional" when combined with alcohol. *Id.* at *3. Petitioner and his mother were at his mother's house with Petitioner's aunt and his aunt's daughter-in-law. *Id.* at *1-2. Just before the shooting, Petitioner and his mother were engaged in an argument, during which Petitioner was "'fussing' and 'cussing'" at his mother. *Id.* at *1. Petitioner said, "'[I]f you throw my stuff out, you will never throw nothing else out.'" *Id.* Petitioner's mother told him to leave, and Petitioner pulled a firearm out of his pocket. *Id.* When his aunt told him to put the firearm away, Petitioner obliged. *Id.* Petitioner then exited the house, but his mother "'hollered'" that he had left his child's diaper bag. *Id.* When Petitioner's mother handed him the diaper bag at the front door, Petitioner reached through the doorframe and shot her in the head. *Id.* Petitioner then fled but was arrested at a relative's house "a short distance" from Petitioner's mother's house. *Id.* at *2. Officers located the clothes Petitioner wore at the time of the shooting at the house where Petitioner was arrested but never located the firearm. *Id.*

Petitioner was indicted for first degree premeditated murder, tampering with evidence, and possession of a firearm by a convicted felon. He pled guilty to the firearm charge prior to trial. *Id.* at *1 n.1. After a jury trial, Petitioner was found guilty as charged on the remaining two counts of the indictment. *Id.* at *3. He received an effective sentence of life imprisonment. *Id.*

Petitioner appealed, arguing that the trial court erred by denying funding to retain an expert witness who would testify to Petitioner's state of mind at the time of the shooting and by excluding a statement that he made to his aunt shortly after the shooting. *Id.* Petitioner did not challenge the sufficiency of the evidence for any of his convictions. *Id.* This Court affirmed Petitioner's convictions, and the Tennessee Supreme Court denied review.

On March 1, 2024, Petitioner filed a pro se petition for post-conviction relief, arguing that he received the ineffective assistance of counsel. Specifically, he argued that trial counsel was ineffective for failing to conduct adequate pretrial investigation by not visiting the crime scene, failing to properly cross-examine multiple witnesses for the State, and failing to object to expert testimony outside the scope of the witness's expertise. He argued that had trial counsel done these things, he would have been convicted of a lesser-included offense rather than first degree murder. Notably, Petitioner did not raise any allegations regarding appellate counsel or his direct appeal in the petition. The post-conviction court entered a preliminary order finding that Petitioner had presented a colorable claim and appointed counsel. An amended petition was not filed.

On December 6, 2024, the post-conviction court conducted a hearing on the petition. Trial counsel testified that he worked as an Assistant District Public Defender when the

office was appointed to represent Petitioner. Trial counsel was assigned to Petitioner's case after Petitioner's initial public defender "left" the office. Trial counsel reviewed discovery and met with Petitioner "several times." He did not recall reviewing discovery with Petitioner but believed Petitioner's original public defender would have. Trial counsel did not visit the scene of the shooting and was unsure when the argument between Petitioner and his mother began. Trial counsel "probably" asked Petitioner what he remembered happening.

Trial counsel's recollection was that Petitioner had consumed alcohol but "did not partake in any illicit drugs" on the day of the offense. Trial counsel learned that Petitioner had taken prescribed medication from "Pathways[.]" He recalled receiving "some records from Pathways" but did not recall the specific medication that Petitioner was prescribed. After reviewing the records, trial counsel consulted with Dr. Keith Caruso. Trial counsel filed an ex parte motion to retain Dr. Caruso's services "to get to [Petitioner]'s mental status at the time of the commission of the offense." The motion was denied. Trial counsel's request for the jury to be instructed on intoxication was also denied.

Trial counsel's strategy focused on a lack of premeditation. He did not believe premeditation could be proven "because in [his] mind . . . the two were drinking all day and something got misconceived in someone's mind and emotions got high and then it was just a, for lack of a better way to put it, just like a knee-jerk reaction." This was also trial counsel's "main argument" in the motion for new trial. After the motion for new trial was denied, trial counsel went "on the assumption that [Petitioner] wanted to appeal" and referred the case to the appellate division of the Public Defender's Conference. He agreed that appellate counsel worked in the appellate division. Trial counsel "put out some paperwork" that included what appellate issues he saw but stated that it was ultimately appellate counsel's decision regarding which issues to raise on appeal. Trial counsel did not know anything about appellate counsel's communication with Petitioner.

Trial counsel agreed that Petitioner's best argument "[f]rom a trial perspective" was that there was insufficient evidence of premeditation. He was unsure why appellate counsel did not raise the issue but stated that appellate counsel had more experience in appellate courts and thus, he deferred to her decision-making. He "assume[d]" that appellate counsel made a strategic decision not to challenge the sufficiency of the evidence and that it was "probably an issue that every attorney may handle differently based on what they think [are] the best arguments to present to the appellate court." Trial counsel explained, "[I]f I was looking at it from an appellate perspective, sufficiency is usually . . . a weak argument . . . because you have to look at it in the light most favorable to the State and at that point in time the jury has made a determination that there is enough evidence based on everything that was presented." Trial counsel received a rough draft of appellate counsel's brief, but he focused on the issues raised rather than the issues not raised. Trial

- 3 -

counsel agreed that Petitioner should have been informed of the decision to not challenge the sufficiency of the evidence on appeal.

Petitioner testified that on the day of the offense, he was "drinking beer and whiskey and smoking marijuana and on top of that taking medication." He did not know about the appeal and denied giving permission not to challenge the sufficiency of the evidence on appeal. Petitioner believed that the sufficiency of the evidence should have been addressed on appeal because it was the main issue in his case.

On cross-examination, Petitioner agreed that he did not include his claim regarding the sufficiency of the evidence in his petition because it "wasn't on [his] mind."

On redirect examination, Petitioner agreed that his petition included a claim of ineffective assistance of counsel and that he believed that he received ineffective assistance of counsel by counsel's not challenging the sufficiency of the evidence on appeal.

Petitioner "submit[ted] on the proof" but stated that the sufficiency of the evidence "warrant[ed] consideration, a lot of consideration." The post-conviction court recalled that the petition did not include a claim of ineffective assistance of counsel based on the failure to challenge the sufficiency of the evidence on appeal. It then took the matter under advisement.

The post-conviction court entered a written order on December 23, 2024, denying relief on the petition. It credited trial counsel's testimony and found that Petitioner failed to prove his factual allegations by clear and convincing evidence. The post-conviction court denied Petitioner relief on his claim that the sufficiency of the evidence should have been challenged on appeal because it was not raised in his written petition. Further, and "[m]ore importantly, this [c]ourt does find that the evidence presented at trial was more than sufficient" to support Petitioner's conviction for first degree murder.

Petitioner's timely appeal is now before this Court.

*Analysis*

On appeal, Petitioner argues that he received the ineffective assistance of counsel because the sufficiency of the evidence for his first degree murder conviction was not challenged on appeal. He abandons all of the other issues raised in his petition by failing to raise them on appeal. The State argues that Petitioner has waived this argument by failing to include it in his petition, and alternatively, that the post-conviction court properly denied relief. We agree with the State.

The right to the effective assistance of counsel is safeguarded by both the Constitution of the United States and the Constitution of Tennessee; therefore, it is cognizable under the Post-Conviction Relief Act. U.S. Const. amend VI; Tenn. Const. art. I, § 9; T.C.A. § 40-30-103 ("Relief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States.").

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Pylant v. State*, 263 S.W.3d 854, 867-68 (Tenn. 2008) (citing *Finch v. State*, 226 S.W.3d 307, 315 (Tenn. 2007)). Thus, an appellate court is bound by the factual findings of the post-conviction court unless the evidence in the record preponderates against those findings; but the post-conviction court's application of law to those factual findings is reviewed de novo with no presumption of correctness. *Grindstaff v. State*, 297 S.W.3d 208, 216 (Tenn. 2009) (citing *Dellinger v. State*, 279 S.W.3d 282, 293 (Tenn. 2009)); *State v. Fields*, 40 S.W.3d 450, 457-58 (Tenn. 2001). A petitioner alleging the ineffective assistance of counsel "shall have the burden of proving the allegations of fact by clear and convincing evidence." T.C.A. § 40-30-110(f); *Dellinger*, 279 S.W.3d at 291. "Evidence is clear and convincing when there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence." *Grindstaff*, 297 S.W.3d at 216.

When a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show that (1) counsel's performance was deficient and (2) the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Butler v. State*, 789 S.W.2d 898, 899 (Tenn. 1990). Failure to satisfy either prong results in the denial of relief. *Strickland*, 466 U.S. at 697; *Nesbit v. State*, 452 S.W.3d 779, 786-87 (Tenn. 2014). Accordingly, if either factor is not satisfied, there is no need to consider the other factor. *Finch*, 226 S.W.3d at 316 (citing *Carpenter v. State*, 126 S.W.3d 879, 886 (Tenn. 2004)). Deficient performance is representation that falls below "an objective standard of reasonableness" as measured by prevailing professional norms. *Kendrick v. State*, 454 S.W.3d 450, 457 (quoting *Strickland*, 466 U.S. at 688). To show prejudice, a petitioner must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Kendrick*, 454 S.W.3d at 458. A reasonable probability is a "probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694; *Kendrick*, 454 S.W.3d at 458.

As an initial matter, Petitioner has waived his claim that he received the ineffective assistance of counsel due to appellate counsel's not challenging the sufficiency of the evidence on appeal. "Tennessee appellate courts may only consider issues that were not formally raised in the post-conviction petition if the issue was argued at the post-conviction hearing *and* decided by the post-conviction court without objection." *Holland v. State*, 610

S.W.3d 450, (Tenn. 2020) (emphasis added). The petition raised multiple claims of ineffective assistance of counsel, each related to trial counsel's performance prior to and during trial. None of the claims related to Petitioner's appeal. Testimony at the hearing squarely addressed the fact that appellate counsel did not challenge sufficiency on appeal, but Petitioner did not make an argument as to how appellate counsel's decision was deficient or how Petitioner was prejudiced. Petitioner simply stated that the sufficiency of the evidence "warrant[ed] consideration, a lot of consideration." The State did not object to either the testimony or Petitioner's statement that the issue warranted consideration. However, in its written order, the post-conviction court specifically denied Petitioner relief on this claim because the claim was not raised in the petition. Because the issue was not argued at the hearing and not decided by the post-conviction court, appellate consideration of the issue is waived.

Waiver notwithstanding, Petitioner failed to establish that he received the ineffective assistance of counsel. Initially, we note that Petitioner's brief focuses on trial counsel's representation. However, trial counsel was not the attorney of record for Petitioner's appeal, and Petitioner has not proven that trial counsel had any authority regarding which issues to raise on appeal. Thus, Petitioner's claim of ineffective assistance of counsel relates only to appellate counsel.

Petitioner has failed to show that appellate counsel's decision not to challenge the sufficiency of the evidence was deficient. The determination of which issues to raise on appeal is a strategic choice left to "the professional judgment and sound discretion of appellate counsel" and shall not be second[-]guessed so long as it is within the "range of competence required of attorneys in criminal cases." *Campbell v. State*, 904 S.W.2d 594, 597 (Tenn. 1995); *see Felts v. State*, 354 S.W.3d 266, 277 (Tenn. 2011) ("[A] reviewing court must be highly deferential and should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."). Appellate counsel did not testify regarding her appellate strategy. But trial counsel testified that it was "probably an issue that every attorney may handle differently" and that a sufficiency of the evidence challenge is typically a "weak argument." Petitioner has not proven that omission of the issue on appeal was anything other than a reasonable strategic choice. *See Strickland*, 466 U.S. at 689 ("[T]he defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'").

Finally, Petitioner has failed to establish prejudice. "If a claim of ineffective assistance of counsel is based on the failure to raise a particular issue, as it is in this case, then the reviewing court must determine the merits of the issue." *Carpenter*, 126 S.W.3d at 887. Here, there was no dispute that Petitioner shot his mother, and multiple witnesses testified to an argument and threatening statements made by Petitioner toward his mother in the moments before the shooting. Petitioner armed himself and only put the firearm

- 6 -

away when asked to by his aunt. Petitioner exited the house before returning to collect his child's diaper bag and then shot his mother as she stood at the front door. Petitioner chose to arm himself with a firearm two separate times during the argument with his mother. After shooting his mother, Petitioner fled the scene. The jury heard and ultimately rejected Petitioner's argument that there was no premeditation. *See State v. Bland*, 958 S.W.2d 651, 659 (Tenn. 1997). Further, the jury was instructed on lesser-included offenses that did not require proof of premeditation but ultimately convicted Petitioner of first degree premeditated murder. Petitioner has not shown that the outcome of his appeal would have been different had appellate counsel challenged the sufficiency of the evidence.

Petitioner is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

s/Timothy L. Easter
TIMOTHY L. EASTER, JUDGE

- 7 -